Blankenship v. Blankenship.

---

## J. W. BLANKENSHIP v. NANCY BLANKENSHIP.

1. ALIMONY; *Lien on Real Estate of Husband; Homestead.* Upon granting a divorce to the husband by reason of the fault or aggression of the wife, the court has power to decree the sum allowed as alimony to the wife a lien upon the real estate of the husband; and under such a decree, the premises occupied by such husband and wife as a homestead at the date of the decree of divorce may be sold in satisfaction of said lien.

2. ——— *Interest on Alimony; Penalty.* Under the provision of the statute, that the court in granting a divorce may give to the wife such share of her husband's real or personal estate as shall be just and reasonable, it is not an abuse of discretion for the court to allow to the wife a specific sum in money, and to provide as a penalty in the decree that if the same is not paid at once, it shall draw interest at the rate of twelve per cent. per annum until paid.

*Error from Linn District Court.*

AT the May Term 1875 of the district court, a decree was entered in favor of *J. W. B.*, the husband, and against *N. B.*, the wife, and awarding to the wife certain alimony, etc. The terms of the decree are stated in the opinion, *infra*. In December 1875, said *N. B.* sued out an execution on such decree for alimony, by virtue of which the sheriff of Linn county duly advertised and sold the N.W.¼ of section 28, township 19, range 25, and also forty acres off the S.W.¼ of section 21 in said township and range. The two parcels were sold separately, both sales amounting to $1,215. The N.W.¼ of said section 28 was the homestead of said *J. W. B.* at the date of said decree, and at the date of said sale. The district court, at the April Term 1876, confirmed the sale, and directed that a deed be made to the purchaser. *J. W. B.* brings the case here for review.

*J. F. Broadhead,* for plaintiff in error.

*Simpson & Brayman,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action for divorce brought in the court below by the husband, J. W. Blankenship, against his wife, Nancy Blankenship. The court granted a divorce by reason of the fault of the wife; and adjudged that the wife pay the costs of the suit. The court further decreed to the wife $1,325 as alimony, said sum to bear interest from the date of the judgment at the rate of twelve per cent. per annum until paid, and decreed the same a lien upon *all* of the estate of said J. W. Blankenship. Afterward the homestead of the said J. W. Blankenship, who re-married in a brief time after the decree of divorce, was sold to satisfy the lien thereon. Plaintiff in error complains of the allowance of alimony to the wife, and specifically for making the sum granted as alimony a lien upon all the property of the plaintiff in error, allowing said sum of $1,325 to bear interest at the rate of

twelve per cent. per annum, and for confirming a sale of the homestead sold in satisfaction of said lien. None of the evidence produced on the trial of the cause is brought to this court; and as the amount of alimony to be allowed in each case is greatly in the discretion of the court, we cannot review this portion of the judgment.

This court having already decided, in *Brandon v. Brandon*, 14 Kas. 342, that upon granting a divorce on account of the fault of the wife, the court has power to award to her the possession of the homestead, necessarily settles the question now presented as to the power of the court to declare the sum allowed as alimony a lien on all the property of the husband, and to authorize the sale of such property (even if it is a homestead) to satisfy the lien. The power to take the homestead from the husband, and assign the same to the wife, is the exercise of greater power than making a sum allowed as alimony a lien upon all the property of the husband, and ordering the same sold to discharge the lien. The greater power includes the less; and we find no error as to the sale of the homestead—it appearing from the record that the plaintiff in error was possessed of this identical property at the rendition of the judgment.

The only remaining question to be disposed of is, the objection to the allowance of interest at the rate of twelve per cent. per annum upon the sum granted as alimony. The statute expressly gives to the court the power in case of a divorce by reason of the fault or aggression of the wife to give to her such share of her husband's real or personal property, or both, as to such court may appear just and reasonable. (Laws of 1870, p. 180, § 27.) The court had the right to allow the $1,325 as alimony, and to fix the time in which it should be paid; and we think the court also had the power, as a penalty, to further provide that if the sum was not paid at once that the plaintiff in error should also pay the additional sum of interest at the rate of twelve per cent. per annum. We cannot say that the court therefore abused its discretion in the premises.

The judgment of the court below, and the order confirming the sale of the real estate, will be affirmed.

All the Justices concurring.