ANDREW F. JOHNSON v. SARAH L. JOHNSON.

No. 12,915. ( 72 Pac. 267.)

SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY — *Lien on Homestead.* The amount allowed a divorced wife as permanent alimony may be decreed a lien on the homestead of the divorced husband.

2. ———— *Provision for Payment of Joint Judgment.* A requirement in such decree, that the wife shall pay an unsecured judgment, rendered jointly against herself and divorced husband, out of the alimony so secured to her, does not violate the husband's right of homestead exemption.

Error from Douglas district court; C. A. SMART, judge. Opinion filed April 11, 1903. Affirmed.

*William W. Nevison,* for plaintiff in error.

*Bishop & Mitchell,* and *Brownell & Poehler,* for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J. : Upon the showing that the case-made was served in time, a motion to reinstate this case and hear it upon its merits has been allowed under the authority of *Jones v. Kellogg,* 51 Kan. 263, 33 Pac. 997, 37 Am. St. Rep. 278, and *Roser v. National Bank,* 56 id. 129, 42 Pac. 341.

This was an action for divorce. In adjusting the question of alimony, it was ascertained that one John Houk, who was the father of the defendant in error, held a joint judgment against Mr. and Mrs. Johnson. The court's decree was that the plaintiff be divorced from the husband, and—

"That the said plaintiff be, and she is, hereby decreed alimony in the sum of $2300, which sum shall bear interest from this date at the rate of six per cent. per annum, and that, out of said sum, the said plaintiff is hereby required to satisfy the aforesaid judgment rendered in favor of the said John Houk against the said plaintiff and defendant."

It was further ordered by the court that, in case said sum of $2300 should not be paid within seven months, certain specified premises, claimed by plaintiff in error as his homestead, should be sold in accordance with law and the proceeds applied to the payment of the judgment for alimony and the costs of the suit.

Mr. Johnson urges that this decree gives to his judgment creditor, Houk, a lien on his homestead for the debt, and that thereby his constitutional right to have such homestead exempt from the payment of debts is violated. The claim is plausible and is urged with much force; but it is based upon a false premise. This decree was for alimony and the lien given was to secure its payment to the divorced wife, and not to secure to the judgment creditor the debt due him. No fault is found with the amount granted; that it is. excessive, or that it is not an equitable division of the property and a proper provision for the maintenance of the divorced wife, considering everything. No claim is made that the court did not have the power to make the amount allowed as alimony a lien on the homestead, nor, indeed, could there be, under the de-

cisions of this court. (*Brandon v. Brandon*, 14 Kan. 342; *Blankenship v. Blankenship*, 19 id. 159.) That the court required the divorced wife to pay this joint judgment out of the alimony awarded to her, and thus relieve the divorced husband from its payment, was a matter of which the wife should complain, rather than the husband.

In awarding alimony and in the adjustment of financial matters as between divorced parties, no little latitude is allowed to the court in the making of its decree. The statute requires that such alimony be allowed as the court shall think reasonable. The adjustment of the matters involved is within the discretion of the court. The judge is required thoroughly to inform himself with respect thereto. The order proper to be made depends upon the circumstances of each case. The financial ability of each of the parties, including liabilities, should be taken into consideration and in a measure provided for. Many things may have come within the circle of the court's investigation in all these respects, not shown by the record.

Considering the relationship of Mrs. Johnson to the judgment creditor, Houk, it would be easy to indulge the presumption—and we must call to our aid all reasonable presumptions—that it appeared to the court that this judgment was to be given to the daughter, and that she was its real beneficiary, and that the condition of its payment was but a condition of protection to the husband. However, we need not here go to this extent, for we are not prepared to say that in the exercise of its discretion the court might not properly require, as a condition to the granting of a given sum as alimony to the wife, payment by her of a debt due from the husband. It is sufficient, however, in this case to say that the award made

Chantland v. Bank.

and lien given were to the wife and not to the judgment creditor.   He has no power to enforce the lien. Incidentally he might be benefited by it; so might any other creditor of the wife, only with less certainty. We do not think the rights of the plaintiff in error were invaded by the decree.

The judgment of the court below will be affirmed.

All the Justices concurring.