ELIZA LAIRD, *Appellee,* v. W. C. LAIRD, *Appellant.*

No. 17,607.

HEADNOTE BY THE REPORTER.

DIVORCE AND ALIMONY—*Alimony to Wife—Discretion of Court.*
In an action for divorce and alimony the court had the power
to grant the wife reasonable alimony out of the husband's
property, notwithstanding the wife had consented to his
making a will leaving his real estate to his children by a
former wife.

Appeal from Greeley district court.   Opinion filed
May 11, 1912.   Affirmed.

*George L. Reid,* and *W. M. Glenn,* for the appellant.

*D. R. Beckstrom,* for the appellee.

*Per Curiam:* The wife sued for divorce and alimony.
The court granted the decree to the husband upon the
ground that the wife had abandoned him.   The parties
were married in Greeley county in 1891, and lived
together for fifteen years.   The court found that at the
time of the marriage they were possessed of property
of about equal value; that their individual holdings
were placed in a common fund and used to accumulate
for the benefit of both; and that the husband had posses-
sion and control of the greater portion of the property

thus accumulated. We find nothing to indicate abuse of discretion in awarding the wife, under these circumstances, $500 as alimony and the allowance of $50 for her attorney's fees. It is true that she had consented to his making a will leaving his real estate to the children of a former marriage, but this would not deprive her of the right to an equitable share of his property in the event of a subsequent divorce. With the parties before it, the court had far better opportunity than we have to administer justice and equity. (*Galutia v. Galutia,* 72 Kan. 70, 82 Pac. 461.) Where the divorce is granted by reason of the wife's fault the statute (Civ. Code, § 673) expressly authorizes the allowance to her of such share of the husband's property as the court shall deem just and reasonable (*Blankenship v. Blankenship,* 19 Kan. 159).

The judgment is affirmed.