No. 35,406

HERBEE A. ANDERSON and FLORENCE BETTY ANDERSON, a Minor, by
HERBEE A. ANDERSON, Her Next Friend, *Appellants,* v. ARTHUR
P. ANDERSON and ANNA ANDERSON, *Appellees.*

(123 P. 2d 315)

Opinion filed March 7, 1942.

*W. D. Vance* and *Perry Owsley,* both of Belleville, argued the cause, and *Fred Emery,* of Belleville, was on the briefs for the appellants.

*N. J. Ward,* of Belleville, argued the cause, and *Guy E. Ward,* of Belleville, was on the briefs for the appellees.

The opinion of the court was delivered by

ALLEN, J.: On April 15, 1929, in a court of competent jurisdiction in the state of Colorado, Herbee A. Anderson secured a decree of divorce against Arthur P. Anderson. The care and custody of the minor daughter was awarded the mother, Herbee A. Anderson. The decree provided that the defendant pay into court for the support and benefit of the minor child the sum of twenty-five dollars each month.

In October, 1931, the defendant, Arthur P. Anderson, removed to Republic county, Kansas, where he has since resided.

On July 24, 1939, Herbee A. Anderson brought an action in the district court of Republic county, Kansas, against Arthur P. Anderson, based on the judgment of the Colorado court, in which plaintiff prayed judgment for the unpaid installments for the child's support for a period of five years immediately prior to the filing of the action. On the 5th day of June, 1940, plaintiff recovered judgment against defendant in the sum of $1,794.35, with interest.

Shortly after defendant Arthur P. Anderson came to Kansas, a farm of 160 acres was purchased and the title taken in the names of Arthur P. Anderson and his father, John A. Anderson. On August 16, 1938, John A. Anderson conveyed his interest in the land to his son Arthur. Arthur and his father lived on the farm until the death of John A. Anderson, which occurred shortly after the date of his deed to his son. Arthur P. Anderson continued to live on the land, and in August, 1939, was married to one Anna Johnson. On September 1, 1939, Arthur conveyed the 160 acres of land to his wife. The consideration mentioned in the deed was one dollar. The deed recited: "No consideration excepting as above shown, hence no revenue required." Since the marriage Arthur P. Anderson and his wife have occupied the land, claiming it as their homestead.

On January 22, 1941, a general execution was issued under the judgment of June, 1940, and the sheriff, finding no goods or chattels, levied the same on the 160 acres occupied by Anderson as his homestead.

The petition of plaintiff, after setting forth the facts above outlined, further alleged that during the five-year period on which the judgment for child support was based, the defendant Arthur P. Anderson had no right or claim in the real estate above mentioned; that during the five-year period the defendant owned a large amount of personal property consisting of horses, cattle and farm machinery; that this personal property was sold subsequent to the filing of the action, and a part of the proceeds was used in discharging a part of a mortgage lien on the land; that defendant was under a legal and equitable duty and obligation to use the income from such personal property to provide for his minor child, and if the income was insufficient, to sell the same and to use the proceeds for the benefit of his child. The petition further alleged that by reason of the facts set forth, the defendant holds the legal title in trust for the benefit of his minor child to the extent of the accumulated unpaid installments of child support as determined by the judgment of the court, and plaintiff asks that the lien of the judgment be declared prior to the homestead of the defendants.

In the answer of defendants it is alleged that at all times since their marriage they have, lived upon the land, claiming it as their homestead. Trial was had on the issues joined and judgment rendered in favor of defendants.

We think the judgment should be affirmed.

The defendant Arthur P. Anderson was the owner of and living on the land in question in August, 1939, when he married the defendant Anna. Since that time the defendants have lived upon the land, claiming the land as their homestead. The judgment against defendant Arthur P. Anderson was entered in June, 1940. It is not contended the lien of the judgment attached to the land prior to the date the homestead was acquired by the defendants, nor that the judgment falls under any exception to homestead exemption statute, G. S. 1935, 60-3501.

The chief contention is that during the five-year period on which the judgment is based the defendant Anderson had complete use of all of his property; that he made no contributions to the support of his child; that failure to pay for the support of the child resulted in the defendant Anderson being unjustly enriched; that as a result the defendant holds the legal title to the land in trust for the benefit of his minor child to the extent of the accumulated unpaid installments now represented by the judgment.

Our statute G. S. 1935, 60-1510, provides that when a divorce is granted the court shall make provision for the custody, support and education of the minor children of the marriage. The parental duty to care for and support the minor children of the marriage, imposed by the ties of nature and commanded by the statute in case of divorce, has always been enforced by this court. But the notion that this parental duty impresses the property of the recalcitrant father with a trust, which would prevent the alienation of such property until the fulfillment of his obligations, does not, so far as our research reveals, appear to have been presented in this naked form to the courts. However, analogous situations are not wanting. In *Rice v. Andrews*, 127 N. Y. Misc. 826, 217 N. Y. Supp. 528, the husband secured a divorce against his wife and was awarded the custody of the minor child. Thereafter the father died, leaving a last will in which he totally disinherited the child. The child, by his guardian, asked to have the decree modified by having the estate of the father charged with his maintenance during his minority, and to impress the assets of the estate with a lien. The motion was denied, the court holding it was powerless to interfere with the right of the father to dispose of his estate as he saw fit. In *Rawlings v. Rawlings*, 121 Miss. 140, 83 So. 146, 7 A. L. R. 1259, the father of six children had deserted the children and their mother, and had not for

a long period contributed to their support. The children by their next friend brought a proceeding in equity against their father to have the chancellor fix in advance allowance for the children, to enter a decree requiring the father to pay the amount fixed, and to adjudge a lien on defendant's real estate for the sums ordered to be paid. In sustaining a demurrer to the petition, the court stated that the law as known and expounded for centuries failed to sanction any such proceedings. Clearly in these cases the property of the father was not regarded as a trust fund.

On the question of unjust enrichment for failure to pay the child during the five-year period, counsel cite Restatement, Restitution, § 168, which reads:

"Where a person holding property in which another has a beneficial interest transfers title to the property in violation of his duty to the other, the transferee holds the property subject to the interest of the other, unless he is a bona fide purchaser."

The obvious answer would seem to be that the defendant Anderson was holding his own property, and that he was not holding it in violation of any duty that the law imposed. In *University v. Forbes,* 88 N. H. 17, 183 Atl. 860, where a claim of unjust enrichment was urged as a ground for restitution, the court stated:

"The doctrine of unjust enrichment is that one shall not be allowed to profit or enrich himself at the expense of another contrary to equity. While it is said that a defendant is liable if 'equity and good conscience' requires, this does not mean that a moral duty meets the demands of equity. There must be some specific legal principle or situation which equity has established or recognized, to bring a case within the scope of the doctrine.

"The defendant here, it is true, is better off by the amount of the plaintiff's claim than if the latter had not been the victim of misfortune. And it is also true that he paid nothing for his profitable position. But his benefit is not unjust unless it is unlawful. The injustice must be one for which the law gives redress under its rules."

The theory that the land should be impressed with a trust cannot be sustained.

We think the judgment of the trial court must be affirmed on another ground. In the decree of divorce in Colorado, it was provided that the defendant Anderson should pay for the support of the minor child the sum of twenty-five dollars per month. Under the law of this state such installments when due and unpaid become final judgments. (*Sharp v. Sharp,* 154 Kan. 175, 118 P. 2d 561.) The law of Colorado was not pleaded and we may assume the law

of Colorado on that question is the same as the law of this state. (*Trunkey v. Johnson,* 154 Kan. 724, 726, 121 P. 2d 247.) The action in Kansas resulting in the judgment of June 5, 1940, was based on the Colorado money judgment. The general rule is that all causes of action upon which suit is brought and judgment obtained are merged in the final judgment, and cannot be the foundation of subsequent action. (*Price v. Bank,* 62 Kan. 735, 64 Pac. 637; *City of Topeka v. Ritchie,* 102 Kan. 384, 387, 170 Pac. 1003; *Thisler v. Miller,* 53 Kan. 515, 36 Pac. 1060; *Rossiter v. Merriman,* 80 Kan. 739, 104 Pac. 858; *Redden v. Bank,* 66 Kan. 747, 71 Pac. 578.)

The present action is therefore unlike *Riggs v. Riggs,* 91 Kan. 593, 138 Pac. 628, where the divorce decree in the foreign state contained no order as to the support and maintenance of the minor children.

Where no provision is made in the divorce decree for the minor children an independent action by the mother may be maintained. (*Rowell v. Rowell,* 97 Kan. 16, 154 Pac. 243.) But in the case before us the cause of action has been reduced to a money judgment, and any cause of action plaintiffs may have had is merged in that judgment. That judgment was not appealed from and is final. It cannot be amended by a bill in equity based upon a nonexistent cause of action.

We hold the homestead exemption right of defendants superior to the lien of the judgment of plaintiffs.

The judgment is affirmed.

HOCH, J., not participating.