No. 55,263

Nancy Lou Bohl, *Appellee*, v. Robert J. Bohl, *Appellant*.

(670 P.2d 1344)

Opinion filed October 21, 1983.

*Charles S. Fisher, Jr.*, of Fisher, Ochs and Heck, P.A., of Topeka, argued the cause and *Ann L. Hoover*, of the same firm, was with him on the briefs for the appellant.

*John W. Brand*, of Stevens, Brand, Lungstrum, Golden & Winter, of Lawrence, argued the cause and *Gerald L. Goodell*, of Goodell, Stratton, Edmonds, Palmer & Wright, of Topeka, was with him on the brief for the appellee.

The opinion of the court was delivered by

Herd, J.: This is an appeal from a post-trial order in a divorce action. The order grew out of the court's division of the marital property. The trial court decision was appealed to this court and affirmed as modified in an opinion filed January 14, 1983, entitled *Bohl v. Bohl*, 232 Kan. 557, 657 P.2d 1106 (1983) (*Bohl I*). The issue raised by this appeal is whether the trial court erred in ruling Robert Bohl, defendant/appellant, could not assert a homestead right to a part of the marital property assigned to him and thus avoid forced sale thereof to satisfy Nancy Bohl's, plaintiff/appellee, lien thereon.

The facts of this case are fully set out in *Bohl v. Bohl*, 232 Kan. 557, and will not be here repeated. Suffice it to say this court affirmed the trial court's division of property between Nancy Bohl and Robert Bohl. The property division awarded a house on Arrowhead Drive, Topeka, to Robert Bohl. Nancy Bohl was awarded the family home on Burlingame Road, Topeka. In

equalizing the division of property between the parties, the trial court awarded Nancy Bohl a money judgment in the amount of $890,217 in lieu of other property.

The trial court order dividing the family property was filed January 21, 1982. The order expressly awarded Nancy Bohl a judicial lien upon the common stock of the M. W. Watson Company, which was given to Robert Bohl. On February 13, 1982, Robert Bohl remarried and with his new wife and her daughter moved into the house on Arrowhead Drive.

A motion for a new trial was denied on March 4, 1982. At that same time the court granted Nancy Bohl's motion to modify its decree and imposed a judicial lien in favor of Nancy Bohl upon all of the real estate awarded to Robert Bohl. Thereafter, on April 15, 1982, Robert Bohl filed his notice of appeal in *Bohl I*.

Robert Bohl was unable to obtain a supersedeas bond. He moved the court to waive the bond and grant a stay of execution pending the determination of the appeal. The stay was denied. Nancy Bohl filed her first praecipe for execution on April 20, 1982, and on September 16, 1982, filed another one. In the second praecipe she directed execution upon the house on Arrowhead Drive as well as on other property of Robert Bohl. On September 17, 1982, Robert Bohl and Janet Bohl, the second wife, designated the house on Arrowhead Drive as their homestead pursuant to K.S.A. 1982 Supp. 60-2302. Upon request of Nancy Bohl for a determination of Robert and Janet Bohl's homestead rights in the Arrowhead Drive property, the trial court ruled on October 22, 1982, that the homestead rights did not preclude levying execution on the Arrowhead Drive property to satisfy the judgment lien of Nancy Bohl. Robert Bohl appealed the order in December 1982. In the meantime, Nancy Bohl continued her efforts to levy upon the real estate. She proceeded to publish notice of sale to be held January 21, 1983. After the decision in *Bohl I* was handed down January 14, 1983, the trial court ordered a temporary stay of the judicial sale pending further hearings pursuant to that opinion.

There are two issues presented in this appeal. Robert Bohl first argues the trial court lacked jurisdiction to determine his homestead claim because the property had not been attached, levied upon and the judgment returned unsatisfied.

We first examine the procedure used by Nancy Bohl. She filed

two praecipes for execution against the Arrowhead property in September of 1982. In both instances a writ of execution was issued by the court pursuant to K.S.A. 60-2401. At this juncture Robert Bohl intervened by apprising the sheriff he claimed a homestead exemption in the property. K.S.A. 60-2401(a) is applicable and defines a general execution as "a direction to an officer to seize any *non-exempt* property of a judgment debtor . . . ." The sheriff acted responsibly and refused to levy execution until a determination was made of the validity of the homestead claim. See *Brooks v. Marquess,* 157 Kan. 244, 248, 139 P.2d 395 (1943), where this court held a sheriff properly refrained from serving a writ of execution after he was given a timely notice by the judgment debtor the property sought to be subjected to execution was his homestead. This made the homestead claim subject to judicial determination at that time. This case is similar. The execution had proceeded as far as it should have until the exempt status of the property was judicially determined. A trial court's jurisdiction over such matters is not dependent upon a sheriff's return of the writ of execution with no goods found. Until the exemption issue is resolved, the sheriff cannot make a valid return. This issue is without merit.

We next turn to the substantive issue of whether Robert and Janet Bohl's homestead claim rendered the Arrowhead Drive property exempt from Nancy Bohl's judgment lien.

The constitutional right to a homestead exemption finds its statutory implementation in K.S.A. 1982 Supp. 60-2301, where it is provided:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, or a mobile home, occupied as a residence by the owner or by the family of the owner, or by both the owner and family thereof, together with all the improvements on the same, shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sale for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon. The provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife, when that relation exists."

Robert Bohl properly designated his claim of homestead as provided in K.S.A. 1982 Supp. 60-2302. Exemption statutes are generally held to be subjects of liberal construction in order to

accomplish their remedial purpose. The purpose of the homestead and other exemptions is to insure a debtor and his family the means to avoid absolute destitution. See *In re Estate of Johnson,* 202 Kan. 684, 698-99, 452 P.2d 286 (1969); *Nohinek v. Logsdon,* 6 Kan. App. 2d 342, Syl. ¶ 3, 628 P.2d 257 (1981).

The homestead exemption, however, is not absolute and it has been held in Kansas that a lien upon a husband's property designed to secure the payment of court-decreed alimony to his former wife will overcome a homestead claim. In *Blankenship v. Blankenship,* 19 Kan. 159 (1877), the court faced a situation wherein a divorced husband objected to the trial court's imposition of a lien on all his property to ensure his former wife's judgment for alimony. His homestead, which he now shared with another wife, was sold to satisfy the lien. He received the homestead in the original divorce settlement. Answering his claims of error, the court said that the trial court had the power to declare the sum awarded as alimony a lien upon all the property of the husband and "to authorize the sale of such property (even if it is a homestead) to satisfy the lien." p. 161. This holding was upheld in *Johnson v. Johnson,* 66 Kan. 546, Syl. ¶ 1, 72 Pac. 267 (1903), and most recently in *Mahone v. Mahone,* 213 Kan. 346, 351, 517 P.2d 131 (1973), where it is said:

"We have held that a claim of an ex-wife for alimony can be enforced by a court in a divorce decree as a lien against the husband's homestead in the face of a claim of exemption by the husband. (*Blankenship v. Blankenship,* 19 Kan. 159; *Johnson v. Johnson,* 66 Kan. 546, 72 Pac. 267.) *Blankenship* and *Johnson* clearly stand for the proposition that the exemption afforded a husband's homestead will not be applied to prevent a court from enforcing the alimony rights of a wife. In those cases the court took into consideration the purpose of the homestead exemption provision and by judicial construction held it inapplicable to a claim of alimony."

Robert Bohl claims these cases are distinguishable because they authorize imposition of a lien only to enforce an alimony award but not a division of property. No alimony was awarded in this case. While the term alimony once represented the husband's common law duty of support and was a distinct concept from property division, modern decisions recognize the distinction has been eliminated over the years. The terminology used to describe the award is no longer significant.

This court has recognized and approved lopsided property divisions where "alimony" has been awarded to equalize the

division, and lopsided property divisions in lieu of alimony. See *Kendall v. Kendall,* 218 Kan. 713, 545 P.2d 346 (1976); *Almquist v. Almquist,* 214 Kan. 788, 793, 522 P.2d 383 (1974). Thus, while the two concepts are different, it does not appear, in the case at bar, that the distinctions should make a difference regarding the imposition of a lien on a "homestead." Obviously the property division herein was designed to allocate the marital property equally between the parties. Thus the cases cited concerning imposition of a lien to enforce an alimony award are relevant.

Robert Bohl also maintains that the *Blankenship* case is factually distinguishable because in that case the court attached a lien to the divorcing couple's existing homestead which was awarded to the husband. This case, he claims, involves an after-acquired homestead. At the time of the divorce the Arrowhead Drive property was a vacation home and not a "homestead." Bohl began residing there with his second wife after he received the house in the property settlement. The house was a part of the marital property (see K.S.A. 23-201[*b*]) which became subject to the determination of the court when the divorce petition was filed. See K.S.A. 1982 Supp. 60-1610(*b*). The court awarded the property to the defendant and gave plaintiff a money judgment by a decision which was journalized and filed January 21, 1982. The appellant also filed a motion for a new trial which was heard in March. In the intervening months he married Janet and they moved into the property. At the hearing on appellant's motion for a new trial the appellee sought and the court imposed a lien upon the real estate awarded to him. The motion for a new trial was denied and the appellant took his appeal from the property settlement. This is all very well, but K.S.A. 1982 Supp. 60-2202(*a*) controls this case. It provides:

"Any judgment rendered . . . by a district court of this state . . . in an action commenced pursuant to chapter 60 of the Kansas Statutes Annotated shall be a lien on the real estate of the debtor within the county in which judgment is rendered. . . . [T]he lien shall be effective from the time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the entry of the judgment."

Thus, the judgment became a lien on Robert Bohl's real estate, at the latest on January 21, 1982, at which time he had no homestead right in it. The homestead rights of Robert and Janet Bohl in the Arrowhead Drive property arise after that date and are therefore subject to the lien of Nancy Bohl. Robert Bohl

could not have established a homestead at the Arrowhead Drive house free of the lien.

The judgment of the trial court is affirmed.

PRAGER and MILLER, JJ., not participating.