(872 P.2d 308)

No. 70,584

In the Matter of the Marriage of GWENDOLYN SUE JOHNSON, *Appellant,* and ROGER LEE JOHNSON, *Appellee,* and JOAN FAY HUNTOON, *Appellant,* and LEONARD ERWIN HUNTOON, *Appellant.*

Opinion filed April 8, 1994.

*Dennis J. Molamphy,* of Wichita, for the appellants.

*William Cather,* of William Cather, P.A., of Wichita, for the appellee.

Before ROYSE, P.J., LEWIS and PIERRON, JJ.

LEWIS, J.: In this action, Gwendolyn Sue Johnson and her parents, Joan Fay Huntoon and Leonard Erwin Huntoon, seek to subject the homestead of Roger Lee Johnson to a judgment lien for past due child support. Gwen's parents were made parties to this action for reasons not relevant to this appeal. Gwen and Roger were, at one time, husband and wife. There was a child born to that marriage, for whom Roger was ordered to make child support payments. Roger made very little effort to make the court-ordered payments, and the judgment against him for accumulated back child support exceeds $29,000. The last voluntary child support payment made by Roger occurred in 1989. The trial court held that the lien did not attach to the homestead of Roger. This appeal followed.

Roger is now married to Vicki L. Johnson. In 1988, Vicki purchased a homestead with a down payment furnished by her

parents. The balance of the cost was borrowed, and the property is subject to a mortgage. There is no question but that this property is the homestead of Vicki and Roger. In a decision that obviously failed to consider the judgment against Roger, the property was titled in the names of Roger and Vicki as joint tenants with the right of survivorship and not as tenants in common.

Gwen has been diligent in her efforts to collect child support from Roger. Despite her diligence, she has not had a great deal of success. Apparently, Roger has no job, and there is no paycheck from which child support can be recovered. The only available asset is the joint-tenancy ownership interest in a homestead purchased by Vicki with funds provided by her parents. Gwen seeks the right to sell this homestead to satisfy her unpaid judgment for past due child support. The trial court held that the homestead rights were superior to the judgment lien and that the homestead could not be sold to satisfy that lien. Gwen and her parents appeal that decision.

We affirm the decision of the trial court. We can take no particular satisfaction in our decision. Roger has seen fit to ignore court-ordered obligations to his children, and for him we have no sympathy. However, this lawsuit is not about sympathy; it is about the homestead exemption contained in the Kansas Constitution. The constitution protects the homestead from forced sale and makes no distinction as to whether the possessor of the homestead is one deserving of sympathy or scorn.

Article 15, Section 9 of the Kansas Constitution reads as follows:

"A homestead to the extent of one hundred and sixty acres of farming land, or of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, *shall be exempted from forced sale under any process of law, and shall not be alienated without the joint consent of husband and wife, when that relation exists; but no property shall be exempt from sales for taxes, or for the payment of obligations contracted for the purchase of said premises, or for the erection of improvements thereon:* Provided, That provisions of this section shall not apply to any process of law obtained by virtue of a lien given by the consent of both husband and wife." (Emphasis added.)

The homestead exemption can also be found at K.S.A. 1993 Supp. 60-2301. This exemption has existed in our constitution since 1859 when it was adopted and ratified. Despite numerous

efforts to dilute or avoid the homestead exemption, it has been rather zealously guarded and enforced by the courts of this state.

Gwen and her parents seek to collect a judgment lien by forcing the sale of property acknowledged to be the homestead of Roger. It is very obvious from a reading of the constitutional provisions that a homestead is exempt from forced sale in ordinary judgment lien situations.

However, in this action, the judgment lien was in existence at the time Roger acquired the homestead. Does the fact that a lien exists at the time the homestead is acquired subject the homestead to the preexisting lien? In general, this question has been answered in the negative by our Supreme Court.

One very early decision is *Stowell v. Kerr*, 72 Kan. 330, 83 Pac. 827 (1905). In that case, it was argued that the lien should attach because it existed at the time the homestead was purchased. The Supreme Court said otherwise at Syl. ¶ 2:

"Where land is purchased with the definite intention of making it a homestead, and immediately thereafter the purchaser and his family go into possession of the same and continue to occupy it as their homestead, a judgment subsisting against him at the time of the purchase will not become a lien thereon."

In *Jones v. St. Francis Hosp. & School of Nursing*, 225 Kan. 649, 653, 594 P.2d 162 (1979), the court said:

"A personal judgment entered against a debtor in his lifetime generally becomes a lien upon all property owned by the judgment debtor. K.S.A. 60-2202. Under the Constitution of the State of Kansas the homestead of a judgment debtor is exempt from forced sale, subject to those exceptions recognized in Article 15, Section 9. The residence property was exempt in this case from forced sale. It was the homestead of Horace N. Miller. It continued to be exempt after his death while occupied by his widow Georgia Jones. [Citations omitted.]"

We note that, in the *Jones* opinion cited above, the court indicates that the only exceptions to the homestead exemption are those set forth in Article 15, Section 9. The article permits forced sale of a homestead for taxes, the payment of obligations contracted for the purchase of the property, and for the erection of improvements thereon. No additional exceptions are permitted.

Gwen insists that a homestead should not be exempt from forced sale to satisfy a judgment lien for past due child support

installments which existed prior to the purchase of the homestead. No such exception is set forth in the constitution of this state, and we hold that such an exception does not exist.

It appears that this case is controlled by the decision in *Anderson v. Anderson,* 155 Kan. 69, 73, 123 P.2d 315 (1942). In that case, the judgment in question was one for past due child support and the question was whether that lien was superior to the homestead right. The Supreme Court held that it was not:

"In an action to subject a homestead claimed by defendants to the lien of a judgment, the record is examined, and *held,* (1) the claim that the defendant held the land in trust for the support of the minor child is without foundation, and (2) *the homestead exemption rights of defendants are superior to the lien of the judgment of plaintiffs.*" (Emphasis added.) 155 Kan. 69, Syl. ¶ 2.

Gwen attempts to distinguish this case on a factual basis. While the facts are certainly not identical to those presented here, we cannot distinguish the *Anderson* decision in any meaningful way.

Gwen relies strongly on the decision in *Bohl v. Bohl,* 234 Kan. 227, 670 P.2d 1344 (1983). Her reliance is misplaced. In *Bohl,* the trial court awarded the wife a large money judgment as a portion of her property settlement award. The court then specifically subjected the real property awarded to the husband to a lien to secure the award to the wife. The Supreme Court held that the court-imposed lien did attach to the property, which was not a homestead when the lien was imposed. The *Bohl* case stands for the proposition that a homestead right, which arises after a court-imposed lien has been impressed on the property, is inferior to the court-imposed lien. These facts do not exist in the case now before this court. The trial court imposed no lien upon any real estate to secure the child support award. Further, the property involved was not marital property and was not acquired until long after the divorce decree was final. *Bohl* does not stand for the proposition advanced by Gwen in the instant matter.

Gwen argues that we should declare the homestead subject to the lien based on *Mariche v. Mariche,* 243 Kan. 547, 758 P.2d 745 (1988), and *Mahone v. Mahone,* 213 Kan. 346, 517 P.2d 131 (1973). In *Mahone,* the court declared that a Kansas Public Employees Retirement Pension was not exempt from process to collect past due child support obligations. In *Mariche,* the court

subjected federal social security disability benefits to garnishment to collect past due child support. Neither of those decisions dealt with real estate nor with the constitutional exemption of a homestead from forced sale. For that reason, we hold that they do not control in the present factual situation. Construing statutory exemptions is one thing, but the exemption at question here is a part of our constitution. The constitution lists those instances in which the homestead is subject to forced sale, and a sale to satisfy a past due child support judgment is not among the exceptions. We are not inclined to invent an exception which does not exist and thereby do violence to our constitution. The drafters of the constitution inserted those exceptions to the homestead exemption they saw fit to utilize. It is not our position to usurp the drafters of that document and add exemptions not clearly contemplated. We limit *Mahone* and *Mariche* to their facts and believe their logic should not extend to amending the Constitution of the State of Kansas.

Much is made of two old Kansas cases which are cited as examples of allowing a wife to enforce her lien for alimony on homestead property. These two decisions are severely limited in scope. In *Blankenship v. Blankenship*, 19 Kan. 159, 161 (1877), the Supreme Court held that a lien for alimony was superior to the homestead exemption. However, this was a case where the trial court awarded alimony and then imposed a lien on all of the husband's real estate to secure the award. The court's decision is very carefully limited:

"Upon granting a divorce to the husband by reason of the fault or aggression of the wife, the court has power to decree the sum allowed as alimony to the wife a lien upon the real estate of the husband; and under such a decree, the premises occupied by such husband and wife as a homestead at the date of the decree of divorce may be sold in satisfaction of said lien." 19 Kan. 159, Syl. ¶ 1.

The court went on to declare that it had already decided that the court had the power to award the homestead of the husband to the wife and, if it has that power, it also has the power to impose an enforceable lien upon that homestead. In *Johnson v. Johnson*, 66 Kan. 546, 72 Pac. 267 (1903), the court held, in Syl. ¶ 1, that "[t]he amount allowed a divorced wife as permanent

alimony may be decreed a lien on the homestead of the divorced husband."

Neither of the two decisions cited above stand for the proposition that somehow a homestead is not exempt from a lien for child support. Those two decisions allow a trial court the power to impose a lien on a homestead in a divorce action. That is not what happened in this case, and we find nothing in *Blankenship* or *Johnson* to assist or support the position advanced by Gwen.

The argument is made that the various exemptions exist for the protection and well-being of the family and that family obligations ought to be superior to the homestead exemption. There is no support for this theory in our constitution. Further, it appears to us that to adopt such a theory would emasculate the exemption. Are not medical expenses family obligations? It is obvious that procedures such as a tonsillectomy or appendectomy performed on a child are family related and should be a family obligation. Yet it could not seriously be argued that a lien for the cost of those services would be superior to the homestead exemption.

We hold that the constitutional homestead exemption in this state protects a homestead from forced sale to satisfy a past due child support judgment which existed at the time the homestead was acquired. In our view, if there is to be relief from the situation presented in this case, it must be had by amending our constitution. Such an amendment can only be done by the people of this state; we choose not to do so via the magic of "judicial construction."

Affirmed.