(922 P.2d 1128)
No. 74,375

In the Matter of the Marriage of MARGERY A. BEARDSLEE, *Appellee,* and CLARENCE ERNEST BEARDSLEE, *Appellant.*

Opinion filed August 16, 1996.

*Roger L. Sherman,* of Overland Park, for appellant.

*Jo Ann Butaud,* of Evans & Mullinix, P.A., of Lenexa, for appellee.

Before BRAZIL, C.J., MARQUARDT, J., and GENE B. PENLAND, District Judge Retired, assigned.

MARQUARDT, J: Clarence Ernest Beardslee appeals from the journal entry of the district court which reformed the divorce decree. Clarence argues that (1) the district court did not have the power to reform or modify the divorce decree under K.S.A. 60-260(b)(6); (2) the district court's order requiring Clarence to sell

his residence to pay the mortgages and the joint marital debts violates the homestead exemption to the Kansas Constitution, Art. 15, § 9; and (3) the district court's order requiring Clarence to pay the joint marital debts is void because these debts were discharged by the bankruptcy court.

Margery A. Beardslee filed a petition for divorce on January 19, 1993. Clarence filed a proposed division of assets and liabilities wherein he would assume all joint debts "contingent upon [his] being awarded the marital residence." If the real estate was set aside to Margery, Clarence proposed to "equally divide the joint liability."

On August 16, 1993, the divorce decree was filed. The decree states in part:

"[T]he parties' property and debts are divided and assigned as reflected in the respondent's proposed Division of Assets and Liabilities (attached hereto as Exhibit 'A'), at the values and sums there shown . . . . All debts shown as 'joint liabilities' on page 2 of said proposal are assigned to the respondent."

Margery filed a motion for reconsideration of the division of assets and assignment of debts. In response, Clarence filed a motion to restore possession of the marital residence and to deny Margery's motion for reconsideration. The district court held a hearing on August 27, 1993, and Clarence was given possession of the marital residence; however, he was ordered "to refinance the subject real estate on or before January 1, 1994, or in the alternative, to arrange for the release of all obligations of the petitioner on said first and second mortgages on or before said date."

Clarence filed a petition for bankruptcy on August 15, 1994, 1 day short of a year from the filing of the divorce decree. Margery filed a motion to lift the automatic stay, which was granted by the bankruptcy court.

On December 15, 1994, Margery filed a motion to reform the decree of divorce, requesting that the district court revise the division of property and indebtedness. In her motion, Margery alleged that the division of property had become inequitable since she remained obligated on all of the joint indebtedness that Clarence had discharged in bankruptcy. In her brief, Margery also con-

tends that she remained liable on the first and second mortgages on the marital residence.

A hearing was held on the motion, and the district court found "[t]hat the Respondent was discharged from all individual indebtedness and all joint marital indebtedness on February 27, 1995." However, there is nothing in the record to identify the individual debts that were discharged.

In its April 19, 1995, journal entry, the district court characterized the property division of the divorce decree as follows:

"1) The Decree of Divorce filed on August 16, 1993 awarded the marital residence and the equity therein solely to the Respondent *in consideration for* the Respondent assuming all joint indebtedness of the marriage.

"2) That the joint indebtedness assumed by the Respondent was the second mortgage to Household Finance, a signature loan to Household Finance, Commercial National Bank Mastercard and Commercial National Bank Visa (now United Missouri Bank Mastercard and Visa) and MBNA indebtedness in the approximate total sum of $22,385.51.

"3) That Respondent, although he was awarded the marital residence *contingent upon* his assuming all of the joint indebtedness of the parties, did file on August 15, 1994 a Petition in Bankruptcy under Chapter 7 of Title 11 of the Bankruptcy Code as Bankruptcy Case No. 94-21490." (Emphasis added.)

Based upon these findings, the district court ordered that the marital residence be sold and:

"14) That the proceeds from the sale of the marital residence shall first be applied to pay the first and second mortgage in full, and then to pay all costs of sale including but not limited to realtor's fees, title insurance and recording fees, etc. . . .

"15) That the remaining net proceeds after paying off the first and second mortgage and paying all costs of sale, shall be placed in an escrow trust account with the firm of Evans & Mullinix, P.A. to be utilized to pay off all joint marital indebtedness of the parties.

"16) That the Respondent shall retain counsel of his own choice who will use their best efforts to negotiate the best pay off possible of the joint marital indebtedness and any remaining net proceeds from the sale of the residence after paying off all joint marital indebtedness of the parties, shall be paid over to the Respondent to be his property."

Margery's motion to reform the divorce decree was filed "pursuant to K.S.A. 60-260(b)(6)." In ordering the reformation of the divorce decree, the district court reasoned that it was being done

"because the facts existing now, if known by the Court at the time of the entry of the Decree of Divorce, would have created a different result and therefore Petitioner is entitled to the relief requested."

"As a general rule, a ruling on a motion for relief from a final judgment filed pursuant to K.S.A. 60-260(b) rests within the sound discretion of the trial court and will not be reversed absent a showing of abuse of discretion." *Bethany Medical Center v. Niyazi*, 18 Kan. App. 2d 80, 81, 847 P.2d 1341 (1993). "The burden of showing abuse of discretion lies with the party alleging abuse." *In re Marriage of Larson*, 257 Kan. 456, 463-64, 894 P.2d 809 (1995).

Clarence fails to state the standard of review for any of the issues, which is in violation of Supreme Court Rule 6.02(e) (1995 Kan. Ct. R. Annot. 29).

Clarence points to *Flannery v. Flannery*, 203 Kan. 239, 243-245, 452 P.2d 846 (1969), where the court applied the general rule that the district court does not retain statutory authority to modify a division of property once it is part of a divorce decree. *Flannery*, however, does not address K.S.A. 60-260(b). It should also be noted that the facts in *Flannery* are very different from the instant case.

K.S.A. 60-260(b) provides:

"On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or *(6) any other reason justifying relief from the operation of the judgment.* The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken." (Emphasis added.)

Although the district court referred to K.S.A. 60-260(b)(6) in its journal entry reforming the divorce decree, Clarence does not discuss that statute or argue that it was inappropriately applied. Clar-

ence does not cite any cases interpreting K.S.A. 60-260(b)(6) or similar laws of other jurisdictions. Clarence has not met his burden of showing an abuse of discretion.

"A motion under 60-260(b) must be filed within a 'reasonable time.' The reasonable time frame is measured by determining when the movant came into possession of facts justifying the relief as compared to the time when he filed the motion seeking the relief." *Wilson v. Wilson*, 16 Kan. App. 2d 651, 659, 827 P.2d 788, *rev. denied* 250 Kan. 808 (1992).

Clarence filed his bankruptcy petition on August 15, 1994. On October 18, 1994, the bankruptcy court entered an order granting Margery relief from the automatic stay. On December 15, 1994, Margery filed her motion to reform the decree of divorce.

A motion brought under K.S.A. 60-260(b)(1), (2), or (3) must be filed within a reasonable time and not more than 1 year from the date the order or final judgment was entered. See *Larson*, 257 Kan. at 464. The automatic stay of 11 U.S.C. § 362 (1994) tolls the 1-year time limitation. See K.S.A. 60-519; *Turner & Boisseau, Chtd. v. Lowrance*, 18 Kan. App. 2d 332, 335-37, 852 P.2d 517 (1993). We hold that the filing of the motion for reformation was within a reasonable time for the reasons that (1) Clarence filed for bankruptcy 1 day before the 1-year anniversary date of the filing of the divorce decree, and (2) contrary to the district court's order, Clarence had not made arrangements for Margery to be relieved of the first and second mortgage obligations by January 1, 1994.

Clarence argues that the district court's order requiring him to sell his residence to pay the mortgages and the joint marital debts violates the homestead exemption of the Kansas Constitution, Art. 15, § 9. Margery notes that district courts "routinely order the sale of the marital residence pursuant to an equitable division of property and liabilities."

This issue requires the court to interpret the Kansas homestead exemption and Kansas statutes governing divorce. Interpretation of a statute is a question of law over which this court has unlimited review. *In re Guardianship & Conservatorship of Heck*, 22 Kan. App. 2d 135, 140, 913 P.2d 213 (1996).

K.S.A. 60-1610(b) states that the "decree shall divide the real and personal property of the parties" and gives the court the authority to order "a sale of the property, under conditions prescribed by the court." There is no distinction between real and personal property.

Homesteads have been exempt "from forced sale under any process of law" since the ratification of the Kansas Constitution in 1859. See *In re Marriage of Johnson*, 19 Kan. App. 2d 487, 488, 872 P.2d 308 (1994). The purpose of the homestead exemption is to ensure that a debtor possesses the means to avoid absolute destitution. *Bohl v. Bohl*, 234 Kan. 227, 230, 670 P.2d 1344 (1983).

A judgment lien does not attach to a homestead unless it is based on one of the exceptions set out in the homestead exemption. *Jones v. St. Francis Hosp. & School of Nursing*, 225 Kan. 649, 653, 594 P.2d 162 (1979); *Johnson*, 19 Kan. App. 2d at 489.

Nevertheless, it has long been established that the district court has the power to authorize the sale of a homestead to enforce a lien that is based on a claim for alimony, even in the face of a homestead exemption defense. See *Johnson v. Johnson*, 66 Kan. 546, 547-48, 72 Pac. 267 (1903); *Blankenship v. Blankenship*, 19 Kan. 159, 161 (1877). In *Blankenship*, 19 Kan. at 161, the court recognized that the power to disregard the homestead exemption to enforce the award of alimony is derived from the power of the district court to award the entire homestead.

In *Bohl*, 234 Kan. at 230-31, the court held that a similar approach should be applied to a property division in a divorce decree. The *Bohl* court reasoned that because the property division was designed to allocate the marital property equally between the parties, the cases concerning imposition of a lien on the homestead to enforce an alimony award were relevant. 234 Kan. at 231.

The district court's order that Clarence pay the joint marital debts from the proceeds of the sale of the marital residence presents a different question. We hold that in a divorce action, the district court has the authority to order that the homestead be sold and that any debts owed by the parties be paid from the proceeds.

Clarence argues that the district court's order requiring him to pay debts previously discharged by the bankruptcy court is void

pursuant to the bankruptcy code and the Supremacy Clause of the United States Constitution.

A decision by a federal bankruptcy court as to whether a debt was discharged takes precedence over a decision of a state trial court on that issue. *In re Marriage of Ray*, 21 Kan. App. 2d 615, 617, 905 P.2d 692 (1995). The *Ray* court noted: "In general, bankruptcy courts have exclusive jurisdiction in determining the dischargeability of debt. 28 U.S.C. §§ 1334(a) and (c) (1988). Dischargeability of a debt is controlled by the bankruptcy code. See 11 U.S.C. §§ 524 and 1328 (1988)." 21 Kan. App. 2d at 617.

In the journal entry reforming the divorce decree, the district court stated that Clarence "was discharged [by the bankruptcy court] from all individual indebtedness and all joint marital indebtedness on February 27, 1995." Thus, the district court recognized that Clarence's portion of the joint debts had been discharged; however, Margery was then made liable on those debts, notwithstanding the provisions of the original divorce decree and Clarence's assurances that he would assume and pay the joint debts of the parties.

Because the bankruptcy court lifted the automatic stay, the district court had the right to make orders dealing with the homestead since it was not a part of the bankruptcy estate. 11 U.S.C. §§ 522(b)(2)(A) (1994), 541 (1994); K.S.A. 60-2301; K.S.A. 60-2312.

Although the district court's journal entry states that the bankruptcy court discharged Clarence from all joint marital debts, the district court ordered Clarence to pay them, recognizing them as Margery's debts.

We hold that where one of the joint debtors in a divorce action has been discharged from a marital debt in bankruptcy, the district court has the authority to order that debt to be paid from the marital assets.

Affirmed.