[No. 5986–3–III.   Division Three.   May 9, 1985.]

TED FEIDER, ET AL, *Appellants,* v. FRANCIS
A. FEIDER, *Respondent.*

*Joshua F. Grant,* for appellants.

*Charles T. Sharp,* for respondent.

GREEN, C.J.—The question presented is whether an agreement between A and B, adjoining landowners, that if A, his heirs or assigns, elects to sell his land, he will first offer the same to B and which recites it as a covenant running with B's land, is enforceable by B's heirs. We hold it is not.

In June 1951, several brothers and sisters, who had inherited undivided interests in real property in Garfield County, stipulated to a partition of those interests. Francis A. Feider received a 110–acre parcel that adjoined land owned by his brother, Andrew Feider. Access to Andrew's land was by an easement over Francis's parcel.

On October 15, 1951, Francis and Andrew executed the following agreement which, although denominated an option, the parties agree operates as a "preemptive" right or right of first refusal:

> For and in consideration of the mutual benefits accruing to the parties hereto, Francis A. Feider, party of the first part, hereby grants to Andrew S. Feider, party of the second part, *an option to purchase* the following described real estate situated in Garfield County, Washington, to–wit:
>
> . . .
> subject to the following terms and conditions:
> In event party of the first part, his heirs or assigns, shall elect to sell the above described lands he shall first offer the same to party of the second part and said second party may accept or reject such offer at his option. In event party of the second part shall accept such offer he shall, within a reasonable time after acceptance thereof and after approval of title, pay to party of the first part, his heirs or assigns, the agreed price therefor.

It is further agreed that party of the second part is the owner of certain lands adjacent to the foregoing lands and is also the owner of a right of way and easement over and across the foregoing described lands, the same being described in the hereinbefore named Final Decree and that this option shall be considered a covenant running with the lands owned by party of the second part.

IN WITNESS WHEREOF the parties hereto have hereunto set their hands the 15th day of October, 1951.

/s/ Francis A. Feider
/s/ Andrew S. Feider

(Italics ours.) Twenty–nine years later, on March 17, 1980, Francis sold the property, along with other land, to Karl and Bertha Hecht. Andrew was deceased by that time. Francis did not first offer to sell to Andrew's children.

On May 10, 1982, Andrew's children brought this action against Francis Feider and the Hechts for specific performance of or damages for breach of the 1951 agreement. They alleged it was a covenant real, enforceable by Andrew's heirs. Francis answered alleging he intended the agreement to be only a personal commitment to Andrew. He further alleged by affirmative defense the agreement is void as an unlawful restraint on alienation and violates the rule against perpetuities.

Andrew's children moved for summary judgment submitting affidavits which stated they would have purchased the property on the same terms as the Hechts. In opposition to the motion, Francis submitted an affidavit stating he did not know the meaning of the words "covenant running with the lands"; he dismissed the agreement from his mind after Andrew died; it did not appear on a title report obtained before he sold the property; and if it had, he would have taken steps to declare it of no effect or would have withdrawn the parcel from the sale. His attorney submitted an affidavit stating he searched the probate records of Andrew Feider's estate as well as the estate of Andrew's wife, who died several years later, and found no reference to the agreement. Ted Feider, one of Andrew's children, was executor of his mother's estate. He recorded the agreement, but

not until June 13, 1980, 3 months after Francis sold the property to the Hechts.

In a comprehensive opinion, the trial court held the agreement did not satisfy the requirements for real covenants and was thus a personal contract. Applying *Robroy Land Co. v. Prather,* 95 Wn.2d 66, 622 P.2d 367 (1980), the court further held the agreement was effective for a reasonable time and 29 years exceeded that time. Therefore, summary judgment was granted in favor of Francis and the action was dismissed.

In *Robroy* the court held a right of first refusal is not an interest in land and, consequently, is not a restraint on alienation. However, if it does not contain a stated duration, it is presumed intended to be effective only for a reasonable time. Here, the duration of the agreement between Francis and Andrew is not stated; therefore, it is presumed to be for a reasonable time.[1]

Andrew's children argue a reasonable time should be longer than 29 years because farmland in Garfield County is not often sold. However, there are no facts in the record that raise this question. Instead, the record shows the contract was not inventoried as part of either Andrew's or his wife's estate and was not recorded during their lifetimes. To the contrary, the matter lay dormant for 29 years. Only after Francis sold the property was the claimed right asserted. In these circumstances, and in the absence of any evidence to the contrary, the court properly ruled on summary judgment that a reasonable time had passed as a matter of law.

We also agree with the trial court that the agreement was not a covenant running with the land. An agreement concerning real property, which is enforceable by or binds successors, referred to as a running covenant, must

---

[1]Although *Robroy* involved a commercial contract, the case was applied to noncommercial circumstances in *Schultheis v. Schultheis,* 36 Wn. App. 588, 591, 675 P.2d 634, *review denied,* 101 Wn.2d 1016 (1984). There appears to be no sound reason for distinguishing between private and commercial contracts.

meet the following requirements:

(1) the covenants must have been enforceable between the original parties, such enforceability being a question of contract law except insofar as the covenant must satisfy the statute of frauds; (2) the covenant must "touch and concern" both the land to be benefitted and the land to be burdened; (3) the covenanting parties must have intended to bind their successors in interest; (4) there must be vertical privity of estate, *i.e.*, privity between the original parties to the covenant and the present disputants; and (5) there must be horizontal privity of estate, or privity between the original parties. W. Stoebuck, [*Running Covenants: An Analytical Primer,* 52 Wash. L. Rev. 861 (1977)].

(Footnotes omitted.) *Leighton v. Leonard,* 22 Wn. App. 136, 139, 589 P.2d 279 (1978). Here, horizontal privity does not exist because the right of first refusal did not pass *with an estate in land* or relate to coexisting or common property interests. 1 Washington State Bar Ass'n, *Real Property Deskbook* § 15.7 (1979); Stoebuck, *Running Covenants: An Analytical Primer,* 52 Wash. L. Rev. 861, 877–82 (1977); 3 H. Tiffany, *Real Property* § 851 (3d ed. 1939). Andrew's children argue they had common property interests with Francis because of the easement across Francis's land. However, the agreement did not accompany or relate to the easement; therefore, its existence does not satisfy this requirement. W. Burby, *Real Property,* ch. 9, § 40, at 99 (3d ed. 1965).

▉ Neither do we find evidence the agreement "touches and concerns" land. To satisfy this requirement, the agreement must have rendered less valuable Francis's legal interest in his land and rendered more valuable the legal interest of Andrew in his land. *See* 5 R. Powell, *Real Property* ¶ 673[2][a], at 60–41 (1984). Under *Robroy,* no interest in land is created by a right of first refusal; only personal rights are affected. A preemptioner acquires no present right to affect the property but holds only a right to acquire a later interest should the property owner decide to sell. *Robroy,* at 71; *Bennett Veneer Factors, Inc. v. Brewer,* 73

Wn.2d 849, 853–54, 441 P.2d 128 (1968). There is nothing in the record to indicate the value of the land of the respective parties here was increased or decreased or even affected by the agreement. *See* 1 Washington State Bar Ass'n, *Real Property Deskbook* §§ 15.3, 15.4 (1979). Thus, the right of first refusal must fail as a covenant in any event.

Affirmed.

MUNSON and THOMPSON, JJ., concur.