[No. 14382–4–I.  Division One.  July 7, 1986.]

BREMMEYER EXCAVATING, INC., *Appellant*, v. JOHN
McKENNA, ET AL, *Respondents.*

*Michael D. Hunsinger* and *Neubauer, Mair, Abercrombie
& Hunsinger,* for appellant.

*John Blankinship* and *Montgomery, Purdue, Blankin-
ship & Austin,* for respondents.

GROSSE, J.—This matter is before us on Bremmeyer
Excavating, Inc.'s appeal from an order on summary judg-
ment. That order dismissed Bremmeyer Excavating, Inc.'s
complaint which alleged that a disputed contract to provide
fill material was a covenant running with the land. We
agree with the trial court and affirm.

On January 29, 1980, Bremmeyer Excavating, Inc., and
Gerald Parks entered into a written agreement whereby
Bremmeyer was to provide labor and materials to fill a

parcel of property owned by Parks. Paragraph 7 of the agreement provided as follows:

Bremmeyer is hereby given the exclusive right, to be exercised at its option, for a period of five years from the date of this agreement, to perform on the subject property the following: (a) all the hauling onto or from the subject property all fill material of any nature; (b) all the work for the installation of any and all water and sewer utilities on the subject property, including but not limited to digging, trenching, installation, refilling and surcharging. If Bremmeyer exercises its right to perform any of the above-mentioned work, Bremmeyer agrees to meet the lowest competitive price obtained by Parks for such work from a responsible contractor.

Sometime thereafter Parks sold the property to John McKenna and John Pietromonaco. McKenna and Pietromonaco filled the property without Bremmeyer's services. Bremmeyer filed suit against McKenna and Pietromonaco alleging breach of the fill contract and claiming that the contract created a covenant that runs with the land.

■ Summary judgment is appropriate if the moving party can demonstrate that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. CR 56(c). The motions judge found that there was no evidence that the fill contract was intended to be binding on successors or assigns. Although Bremmeyer assigns error to that finding, this court does not have to decide whether there is a material issue of fact on this point. An appellate court can sustain a trial court's judgment upon other grounds established by the pleadings and supported by the record. *Wendle v. Farrow,* 102 Wn.2d 380, 686 P.2d 480 (1984).

The requisites for a covenant running with the land are set forth in *Leighton v. Leonard,* 22 Wn. App. 136, 589 P.2d 279 (1978).

(1) [T]he covenants must have been enforceable between the original parties, such enforceability being a question of contract law except insofar as the covenant must satisfy the statute of frauds; (2) the covenant must "touch and concern" both the land to be benefitted and the land

to be burdened; (3) the covenanting parties must have intended to bind their successors in interest; (4) there must be vertical privity of estate, *i.e.,* privity between the original parties to the covenant and the present disputants; and (5) there must be horizontal privity of estate, or privity between the original parties.

(Footnotes and citation omitted.) *Leighton,* at 139. The contract at issue here fails to satisfy the second and fifth of these prerequisites.

The second requirement, that the covenant "touch and concern", means that the covenant must be so related to the land as to enhance its value and confer a benefit upon it or conversely impose a burden upon it. *See Rodruck v. Sand Point Maintenance Comm'n,* 48 Wn.2d 565, 295 P.2d 714 (1956). *Rodruck* further explains this element as follows:

> In *Seattle v. Fender,* 42 Wn.2d 213, 254 P.2d 470, we quoted with approval from *Pelser v. Gingold,* 214 Minn. 281, 8 N.W.2d 36:
> "A covenant is said to run with the land when it touches or concerns the land granted or demised. Generally speaking, a covenant touches or concerns the land if it is such as to benefit the grantor or the lessor, or the grantee or lessee, as the case may be. As the term implies, the covenant must concern the occupation or enjoyment of the land granted or demised and the liability to perform it, and the right to take advantage of it must pass to the assignee. Conversely, if the covenant does not touch or concern the occupation or enjoyment of the land, it is the collateral and personal obligation of the grantor or lessor and does not run with the land."

*Rodruck,* at 574–75. Arguably, a contract requiring a landowner to place fill on his property or accept the placement of fill on his property could be said to benefit and/or burden that property. However, this contract does not require or prevent fill. It does not impose a benefit or a burden on the property at all. It imposes a burden on Parks personally and then only with respect to his choice of a contractor to

provide fill and site improvements.[1] Therefore, even if there is a dispute as to whether the parties intended the agreement to be binding on the assigns, such a disputed fact would not be material. No evidence of intent could convert paragraph 7 to a running covenant. "Intent is not enough to make a running covenant out of one which is by its nature personal." *Mullendore Theatres, Inc. v. Growth Realty Investors Co.,* 39 Wn. App. 64, 66, 691 P.2d 970 (1984).

A recent decision of this court, *Feider v. Feider,* 40 Wn. App. 589, 699 P.2d 801 (1985), illustrates the failure of this agreement to satisfy the fifth requisite of a running covenant, that of horizontal privity of estate. In that case, the Court of Appeals held that horizontal privity did not exist for a right of first refusal to purchase land because the right of first refusal "did not pass *with an estate in land* or relate to coexisting or common property interests." *Feider,* at 593.[2] Although during oral argument on the instant case appellant's counsel stated that the property subject to the fill contract had been acquired by respondents' predecessor

---

[1]Bremmeyer's rights are conditioned on the property owner's decision to fill. Similarly a person having a right of first refusal to purchase land "acquires no present right to affect the property but holds only a right to acquire a later interest *should the property owner decide to sell.*" (Citations omitted. Italics ours.) *Feider v. Feider,* 40 Wn. App. 589, 593, 699 P.2d 801 (1985). *See also Robroy Land Co. v. Prather,* 95 Wn.2d 66, 622 P.2d 367 (1980) for proposition that rights of first refusal are personal rights, not interests in land. In *Feider,* in the process of rejecting the argument that the right of first refusal to purchase land was a covenant running with the land, the Court of Appeals equated the "touch and concern" requirement with enhancement or diminution in the value of an estate in land. Just as there was no evidence of increase or decrease in the value of property interest in *Feider,* there is no evidence on the record that Bremmeyer's rights in the fill contract affected the value of respondent's property.

[2]As stated in *Feider v. Feider,* 40 Wn. App. 589, 593, 699 P.2d 801 (1985): "Here, horizontal privity does not exist because the right of first refusal did not pass *with an estate in land* or relate to coexisting or common property interests. Andrew's children argue they had common property interests with Francis because of the easement across Francis's land. However, the agreement did not accompany or relate to the easement; therefore, its existence does not satisfy this requirement." (Citations omitted.)

in interest from the appellant, we can find no support for this in the record. Indeed, the allegation in the original complaint suggests that the fill contract was entered into subsequent to the agreement for purchase and sale. In any event, the record before this court lacks evidence that the fill contract passed between the original parties in conjunction with an estate in land or that the fill contract relates to coexisting or common property interests. Absent such proof, horizontal privity does not exist.

We need not pass on the evidentiary issues raised by appellant nor on respondents' contention that appellant is collaterally estopped from raising any issue with regard to the fill contract as neither are material in view of our holding.

The trial court is affirmed.

WEBSTER, J., and REVELLE, J. Pro Tem., concur.