[No. 16058–3–I.   Division One.   November 24, 1986.]

JACK M. MARTIN, ET AL, *Respondents*, v. THE CITY OF SEATTLE, ET AL, *Appellants*.

*Douglas N. Jewett, City Attorney,* and *Gordon F. Crandall, Assistant,* for appellants.

*Richard L. Martens* and *Waitt, Johnson & Martens,* for respondents.

DORE, J.*—C. B. Dodge Company owned some land in Seattle on the shore of Lake Washington. In 1908, the Dodge Company executed a quitclaim deed to a narrow strip of that property which bordered the lake so that the City could construct what is now Lake Washington Boulevard. The deed contained three conditions, one of which is to have the right, for itself and for its successors and assigns, to build and maintain a boathouse along the shore of Lake Washington. The City was responsible for acquiring the land necessary for the boathouse, as well as allowing the building and use of it. A breach of this condition allowed the grantor or his successors to reenter and forfeit the grant.

Between the time the quitclaim was executed in 1908, and 1983, the trial court found that neither C. B. Dodge nor any of its successors had asked the City to allow them to construct a boathouse on city land. This finding was challenged on appeal, but substantial evidence supports the conclusion that no boathouse was constructed, and this finding will not be overturned. *Western Nat'l Assur. Co. v. Hecker,* 43 Wn. App. 816, 822, 719 P.2d 954 (1986). In 1983, the Martins and two other successors to the Dodge land made such a demand on the City, but the City

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and an attorney at law sitting as Court of Appeals Judges Pro Tempore in Division One.

refused permission to construct a boathouse on July 29, 1983. The Martins then attempted to exercise their right to forfeit the City's interest in the land on which Lake Washington Boulevard is located. They brought this action to obtain a declaratory judgment as to the validity of the deed and their election to forfeit the land, as well as for damages in the alternative.

The trial court, after hearing testimony of the parties concerning the possibility of prior compliance of the conditions and value of the land, ruled that the deed was valid. Furthermore, it ruled that the condition of the deed was breached and the Martins were entitled to $50,000 in damages. The court specifically held the Martins did not have a right to reenter the land or forfeit the City's interest in the land. The trial court also denied the Martins their attorney fees.

The City appealed the decision, challenging the continuing validity of the 1908 deed and the condition subsequent. The Martins cross–appealed on the grounds that (a) the amount of damages was inadequate, (b) that they could not reenter the land, and (c) the denial of attorney fees.

### VALIDITY OF THE DEED

All parties admit that the deed created a condition subsequent. Breach of that condition subsequent, assuming it was still effective, would entitle the Martins to damages or to reenter the land in question. The City, however, asserts that the condition subsequent is no longer enforceable.

The City claims that the passage of time prevented the respondents from exercising their right to construct a boathouse. The City does not cite, and no case specifically addresses the issue of whether or not the passage of time can extinguish the right to exercise a condition subsequent in a deed. Nevertheless, the City proposes a number of theories which support its position that the passage of time does bar the respondents' rights in this case.

The City has cited a number of cases which hold that when a condition subsequent is created with a right of for-

feiture given to the grantor, failure of the grantor to declare forfeiture within a reasonable time waives the grantor's right to declare a forfeiture. In *Metropolitan Park Dist. v. Rigney,* 65 Wn.2d 788, 399 P.2d 516 (1965), where a breach of a condition subsequent occurred in land granted to Tacoma and the grantor failed to declare forfeiture for over 30 years, the court held the ability to do so lapsed. *See also Santa Monica v. Jones,* 104 Cal. App. 2d 463, 232 P.2d 55 (1951).

A similar result was reached in a number of cases not involving deeds. Contracts will be interpreted to require performance within a reasonable time if no time is mentioned. *See Feider v. Feider,* 40 Wn. App. 589, 699 P.2d 801 (1985). The doctrine of laches, which the City argues is applicable, also requires diligence on the part of the party in exercising his or her rights. *See Arnold v. Melani,* 75 Wn.2d 143, 437 P.2d 908, 449 P.2d 800, 450 P.2d 815 (1968). This doctrine however does not apply as the laches defense also requires resulting prejudice from the delay, and the trial court found specifically that no prejudice had resulted. Finding of fact 19. While this fact has been contested, the City cannot point to any resulting prejudice and this finding also will not be overturned on review. *Hecker.*

Nevertheless, the language of the deed clearly contemplates that the right to build a boathouse should run not only to Dodge, but also to "its successors and assigns". No time period is mentioned, and had a boathouse been built in the 1910's, it is quite clear that the respondents could continue to maintain the boathouse today. While cases have held that failure to exercise the right to forfeit property extinguishes that right, no case has gone so far as to require a grantor to exercise an option under a deed to build a structure within a reasonable time. Furthermore, mere passage of time would not have extinguished the right to maintain the boathouse, and we do not believe it could extinguish the right to build it. The condition subsequent is still effective.

## IMPOSSIBILITY

The City also argues that the subsequent lowering of Lake Washington has made compliance with the condition subsequent impossible. The City claims that because the State gave the newly uncovered land to it with the condition that the land be used as a park, it would be impossible for the City to allow construction of a private boathouse. This, the City asserts, excuses it from performance.

Impossibility of performance, in order to be a defense, requires more than just the occurrence of an unexpected, yet foreseeable, event. *Liner v. Armstrong Homes of Bremerton, Inc.*, 19 Wn. App. 921, 579 P.2d 367 (1978). The lowering of Lake Washington, the event which the City relies on to escape performance, was anticipated by the parties involved, as a federal statute passed 2 years prior to the deed's execution authorized funds for that project. Finding of fact 5. Furthermore, the City has not demonstrated that it would be impossible to obtain permission from the State to allow the construction of a boathouse on the new shore of Lake Washington. Impossibility of performance is not a defense.

## UNCONSTITUTIONAL TAKING

The Martins assert that they therefore have a vested right to build a boathouse on the shore of Lake Washington, and the City's unilateral denial of its construction amounted to an unconstitutional taking. We agree. A taking occurs whenever property owned by an individual is damaged or destroyed by governmental interference. *Martin v. Port of Seattle*, 64 Wn.2d 309, 391 P.2d 540 (1964), *cert. denied*, 379 U.S. 989 (1965). The term property includes the unrestricted right to use, enjoy and dispose of the land. *Ackerman v. Port of Seattle*, 55 Wn.2d 400, 348 P.2d 664, 77 A.L.R.2d 1344 (1960). The maintenance and use of a boathouse falls within this broad definition of property, and the City, by refusing to allow the boathouse's construction in 1983, committed an unconstitutional taking.

The Martins, by attempting to compel payment of just

compensation, are bringing an action for inverse condemnation. *Martin.* The proper measure for damages is full and fair compensation for the loss of the property right. *Highline Sch. Dist. 401 v. Port of Seattle,* 87 Wn.2d 6, 548 P.2d 1085 (1976). Expert testimony on both sides differed as to the value of the boathouse. The trial court valued the right to have a boathouse at $60,000, a valuation between the values testified to by the parties' appraisers. Finding of fact 23. This determination is supported by the record, and will not be disturbed on review. *Hecker.* The trial court, however, erroneously reduced this award by $10,000 to account for any other party's interest in the boathouse. No evidence was introduced to reflect the value of any other interest in the boathouse, and absent such evidence, the trial court's unilateral reduction of $10,000 cannot be allowed.

The trial court also erred in refusing to award the Martins attorney fees. RCW 8.25.075(3) states:

> A superior court rendering a judgment for the plaintiff awarding compensation for the taking or damaging of real property for public use without just compensation having first been made to the owner shall award or allow to such plaintiff costs including reasonable attorney fees and reasonable expert witness fees, but only if the judgment awarded to the plaintiff as a result of trial exceeds by ten percent or more the highest written offer of settlement submitted by the acquiring agency to the plaintiff at least thirty days prior to trial.

Therefore, because the Martins had to bring this action for inverse condemnation, and as the City refused to offer them any settlement, the Martins should receive reasonable attorney fees. *Accord, Brazil v. Auburn,* 93 Wn.2d 484, 610 P.2d 909 (1980).

The Martins claim that their reasonable attorney and expert fees for this case exceed $25,000. The determination of what constitutes reasonable fees, however, rests within the discretion of the trial court. *Renton v. Scott Pac. Terminal, Inc.,* 9 Wn. App. 364, 512 P.2d 1137 (1973).

CONCLUSION

The City of Seattle cannot prohibit the Martins from building a boathouse in the subject case without paying just compensation to the Martins. The City's denial constitutes the taking of Martin's property through inverse condemnation, which is an unconstitutional taking. The Martins are awarded judgment in the amount of $60,000 without any reduction. We remand to the trial court for determination of reasonable attorney and expert witness fees to be awarded to the Martins.

HOLTE and MURPHY, JJ. Pro Tem., concur.

Reconsideration denied March 10, 1987.

Review granted by Supreme Court May 5, 1987.