Denise S. DENT, Plaintiff and Appellee,

v.

Bryan J. DENT, Defendant and Appellant.

No. 910520–CA.

Court of Appeals of Utah.

Feb. 22, 1994.

---

John W. Bradley (Argued), Vlahos, Sharp, Wight & Bradley, Ogden, for defendant and appellant.

Nathan D. Hult (Argued), Logan, for plaintiff and appellee.

Before DAVIS, JACKSON and ORME, JJ.

## OPINION

JACKSON, Judge:

Defendant Bryan Dent appeals the trial court's order overruling his objection to a domestic relations commissioner's (commissioner) action and selling the marital residence by execution of a judicial deed. We affirm.

## FACTS

The parties were divorced on November 7, 1990. The divorce decree divided the equity in the home and real property (property) equally. The decree gave Denise Dent (plaintiff) three months to refinance the property or put it up for sale. In addition, the decree gave defendant the first right of refusal "as to the offer of any bona fide purchaser."

Plaintiff did not obtain refinancing, and in January 1991, prepared to sell the property as directed by the divorce decree. She had it appraised at $60,000 and requested the appraisal defendant was directed under the decree to obtain. Defendant did not have the property appraised and did not respond to plaintiff's request. Later in the month, plaintiff offered to buy out defendant's share of the property, but defendant did not respond to the offer. After trying unsuccessfully to obtain an appraisal from defendant, plaintiff placed the property for sale for $60,000. In March 1991, plaintiff received an offer from a bona fide purchaser. Plaintiff needed defendant's signature on the earnest money agreement before a binding sale contract could be finalized. Defendant ignored plaintiff's requests to sign and return the copy of the earnest money agreement she had sent him. Finally, plaintiff filed a motion to show cause to obtain defendant's compliance with the sale procedure set forth in the divorce decree. A hearing was held on May 2, 1991, but due to some confusion in the scheduling of the hearing, neither defendant nor his attorney attended. The commissioner rescheduled the hearing for two weeks later. At the May 16th hearing, defendant stated he had not responded to plaintiff's requests because he felt the asking price for the property was too low. Defendant was given two more weeks to have the property appraised or match the offer made by the third-party purchaser. Defendant failed to do either. At the May 30th hearing, two weeks later, defendant's attorney requested

282

five additional days to provide the court with verification that defendant had financing to match the outstanding offer on the property. As requested, the commissioner ordered defendant to verify his ability to buy the property within five days, or the commissioner would order the clerk of the court to sign the earnest money sales agreement on defendant's behalf. After five days, defendant had not provided any verification that he had obtained the money or the financing to exercise his first right of refusal on the sale of the property. On June 6, 1991, the commissioner ordered the clerk of the court to sign the earnest money agreement.

Defendant's attorney mailed a document labelled "objection" to the order on June 14, 1991, and it was filed four days later. The matter went before the trial court for a final hearing on July 30, 1991. After hearing additional evidence, the trial court made its own findings and conclusions and overruled the defendant's objection. The judge signed a judicial deed, allowing the sale to proceed. Defendant appeals.

## ANALYSIS

Defendant argues that the commissioner was outside the scope of his authority when he ordered court personnel to sign the earnest money agreement. He asserts that the trial court should have set aside the order as a matter of equity. While we agree that the commissioner's action was outside the scope of his authority, the trial court rectified the error by taking additional evidence, making separate findings and conclusions, and issuing its own separate and distinct order. Thus, the only issue for us to review on appeal is the appropriateness of the trial court's order.

■ In its order, the trial court overruled defendant's objection to the commissioner's order. A trial court's resolution of a party's objection to the recommendation of a commissioner is one of law. We review conclusions of law for correctness. *Howell v. Howell*, 806 P.2d 1209, 1211 (Utah App.1991).

■ Objections to a commissioner's recommendations must "be filed within ten days of the date the recommendation was made in open court." Utah Code Jud.Admin. R6–401(4) (1993). Additionally, "objections shall be to specific recommendations and shall set forth reasons for each objection." *Id.* Defendant did not file his objection within ten days of the commissioner's order in open court or within ten days of the commissioner's order to have the clerk of the court sign the earnest money agreement on defendant's behalf. Defendant also failed to object to any specific recommendation and did not offer any rationale for his objection. Defendant's objection was simply an unsubstantiated allegation that he had obtained financing. We therefore hold that the trial court was correct in overruling defendant's objection.

■ The trial court approved the sale of the property and signed a judicial deed conveying title. Trial courts have considerable discretion in determining property distribution in divorce cases, and we will not disturb their determinations on appeal unless a clear and prejudicial abuse of discretion is demonstrated. *Howell*, 806 P.2d at 1211. The trial court's order allowing the sale of the property by judicial deed was in full compliance with the divorce decree which gave defendant the "first right of refusal as to the offer of any bona fide purchaser." Although the decree does not specify a duration in which defendant must exercise his right of first refusal, his right is presumed to be effective only for a reasonable time. *See Feider v. Feider*, 40 Wash.App. 589, 699 P.2d 801, 803 (1985).[1]

■ Defendant was aware as early as January 1991 that plaintiff was selling the property as ordered in the divorce decree. He knew in March that a bona fide purchaser had made an offer on the property. Defendant refused to have the property appraised and failed to respond to plaintiff's requests concerning the sale of the property. After more than two months of delay, the commis-

1. Although *Feider* dealt with a contract, judicial decrees are subject to the same rules of construction that apply to other written instruments. *See Chandler v. West*, 610 P.2d 1299, 1302 (Utah 1980) (Maughan, J., dissenting on other grounds); *In re Estate of Leone*, 860 P.2d 973, 975 (Utah App.1993).

sioner ordered defendant to obtain an appraisal or match the third-party's offer. Defendant did neither, but asked for five additional days to verify the existence of financing to buy the property. We view the end of the self-imposed time limitation to verify funding as an appropriate limit on a "reasonable time" for defendant to exercise his right of first refusal. He did not provide verification by the end of the requested five-day period, or even by the time of the trial, approximately fifty-five days later. Accordingly, we cannot say that the trial court abused its discretion by authorizing the sale of the house and executing the judicial deed.

## CONCLUSION

The trial court's order overruling defendant's objection to the commissioner's order and authorizing the sale of the property in question by executing a judicial deed was proper. We affirm.

DAVIS and ORME, JJ., concur.