Joseph **WILES**, Plaintiff and Appellee,

v.

Jean B. **WILES**, Defendant and Appellant.

No. 920598–CA.

Court of Appeals of Utah.

March 15, 1994.

---

C. Robert Collins, American Fork (argued), for appellant.

Paul R. Frischknecht, Manti (argued), for appellee.

Before BENCH, BILLINGS and DAVIS, JJ.

## OPINION

DAVIS, Judge:

Appellant Jean B. Wiles appeals from a judgment in favor of her ex-husband and appellee Joseph Wiles. The trial court ordered the real property on which Ms. Wiles is living sold pursuant to a lien created by the court when the parties divorced in 1981. We affirm.

## I. FACTS

Jean and Joseph Wiles were divorced on January 29, 1981. According to the divorce decree, Ms. Wiles was awarded alimony for eighteen months, a mobile home in which she was living, and sole possession of real property (the "real property") located in Sanpete County, Utah, upon which the mobile home was located. In return, the trial court ordered that Ms. Wiles pay her husband $6000 plus 6% interest (the "debt") payable within a ten year period. The trial court placed a lien against the real property in the amount of $6000, and ordered that in the event the debt was not paid by December 21, 1991, Mr. Wiles could "foreclose on the lien at his option."

Ms. Wiles apparently resided on the real property during the years after the divorce. However, she did not pay the debt within the ten year repayment period granted to her in the divorce decree. Instead, on February 6, 1990, she filed a homestead exemption on the real property pursuant to Utah Code Ann. § 78–23–4 (1992). At Mr. Wiles's request, the trial court issued an order on July 9, 1992, compelling Ms. Wiles to appear and show cause why the real property should not be sold due to her failure to pay the debt owed to Mr. Wiles.

Ms. Wiles filed a motion to dismiss the order to show cause, arguing that the homestead exemption precluded sale of the real property and that an order to show cause was not the proper proceeding to "foreclose" on the lien. A hearing was held on the matter, after which the trial court entered judgment for Mr. Wiles and denied Ms. Wiles's motion to dismiss. The trial court ordered that the property be foreclosed and sold and the proceeds applied toward the judgment owed Mr. Wiles.[1]

On appeal, Ms. Wiles claims: (1) the homestead exemption she filed precludes sale of the real property; (2) use of an order to show cause hearing to enforce the lien violat-

---

1. At the time the judgment was entered in August 1992, the amount owed Mr. Wiles was approximately $10,140. According to Ms. Wiles, the value of the property in 1991 was $4395.

ed her right of access to the courts under article I, section 11 of the Utah Constitution; and (3) Mr. Wiles cannot enforce the lien because the value of the real property is less than the amount of the homestead exemption to which she is allegedly entitled.

## II. PROPERTY DIVISION AND HOMESTEAD RIGHTS

■ Ms. Wiles first claims that because the debt owed to her ex-husband does not fit into any of the enumerated exceptions to the homestead exemption in Utah Code Ann. § 78–23–3(2) (1992), she does not have to give up the real property awarded her in the divorce decree in order to satisfy the debt. Section 78–23–3(2) states:

A homestead shall be exempt from judicial lien and from levy, execution, or forced sale, except upon the following obligations:

(a) statutory liens for taxes and assessments on the property;

(b) security interests in the property and judicial liens for debts created for the purchase price of such property; and

(c) judicial liens obtained on debts created by failure to provide support or maintenance for dependent children.

Although Ms. Wiles is technically correct in her reading of section 78–23–3(2), the "judicial lien" created by the court in this case is not that contemplated by section 78–23–3(2).

In *Race v. Race*, 740 P.2d 253 (Utah 1987), the Utah Supreme Court addressed the issue of whether a trial court, when dividing property, must set off to each party his or her homestead exemption in the property. *Id.* at 255. The supreme court determined that a trial court need not set off to the parties their respective share of the homestead exemption because doing so would interfere with the trial court's ability under Utah Code Ann. § 30–3–5 to make a just and equitable disposition of property on divorce.[2] *Id.* at 256. The Utah Supreme Court cited with approval *Ruprecht v. Ruprecht*, 255 Minn. 80,

96 N.W.2d 14, 24–25 (1959) and *Closson v. Closson*, 30 Wyo. 1, 215 P. 485, 489 (1923) for the proposition that "where there is no specific statutory provision for the disposition of a homestead on divorce, a statute (similar to Utah Code Ann. § 30–3–5) authorizing the court in the divorce case to make a 'just and equitable' disposition of the property controls." *Race*, 740 P.2d at 256.

The Utah Supreme Court's reasoning in *Race* provides guidance here. Under section 30–3–5(1), the trial court has the power to divide the parties' property in a divorce action. *Jackson v. Jackson*, 617 P.2d 338, 340–41 (Utah 1980). The Utah Exemptions Act is silent concerning the court's equitable authority and responsibility to distribute the homestead property that the parties enjoyed together prior to their divorce. Permitting one party to change the trial court's distribution of the parties' assets by use of a homestead exemption would impair the trial court's ability to make just and lasting distributions of marital property.

When the divorce decree was entered in this case, the trial court divided the parties' property by awarding the real property and mobile home to Ms. Wiles and ordering that Ms. Wiles in return pay $6000 to her ex-husband within a ten year period. As is often the case when a trial court divides marital property, the court created a "lien" on the real property awarded Ms. Wiles pending payment to Mr. Wiles of the value of his share of that property. As the trial court correctly reasoned in its decision on this matter, to allow Ms. Wiles to assert a homestead exemption against the real property "would defeat the purposes of the Divorce Decree and specifically would frustrate the Court[']s ability to divide the property in a divorce proceeding." We agree and hold that the trial court's distribution of the Wileses' property, including placement of the lien, supersedes Ms. Wiles's ability to enforce the homestead exemption against her husband's interest in the real property created by the court.[3]

---

**2.** Utah Code Ann. § 30–3–5(1) (Supp.1993) states, in pertinent part: "When a decree of divorce is rendered, the court may include in it equitable orders relating to the children, property, debts or obligations, and parties."

**3.** This is not a situation in which a judicial lien was created as a result of the entry of a judgment under Utah Code Ann. § 78–22–1(2) (Supp. 1993). Under that section, "the entry of judgment by a district court is a lien upon the real

When the court discharges its responsibilities under section 30–3–5 by giving the dispossessed party a "lien" on the asset remaining in possession of the other party, the "lien" becomes the dispossessed party's share of that asset rather than a conventional lien created by operation of law or to secure payment of indebtedness.[4]

The conclusion we reach today is consistent with decisions in other jurisdictions as well. *See Kobriger v. Winter,* 263 N.W.2d 892, 893–94 (Iowa 1978) (homestead exemption ineffective against lien in divorce decree created to guarantee payment of lump-sum settlement); *Bohl v. Bohl,* 234 Kan. 227, 670 P.2d 1344, 1347 (1983) (lien in divorce decree placed on husband's property to secure payment of alimony will overcome homestead claim); *Haven v. Trammell,* 79 Okl. 309, 193 P. 631, 633 (1920) (alimony award secured by judicial lien on husband's property not subject to homestead exemption); *Lettieri v. Lettieri,* 654 S.W.2d 554, 559 (Tex.Ct.App. 1983) (even though homestead property exempt from money judgment in divorce decree, court may place lien on one spouse's homestead to secure payment of other spouse's award).

Finally, homestead laws were created to protect families against outside creditors, not for use by one spouse against the other.[5] *Haven,* 193 P. at 633 ("The homestead law is a family shield, and cannot be employed by either spouse to wrong the other.").

## III. USE OF ORDER TO SHOW CAUSE

■ Ms. Wiles next claims that the trial court erred by ordering that the lien be enforced via an order to show cause. According to Ms. Wiles, her ex-husband should have filed a separate foreclosure action. Ms. Wiles also asserts that she was denied the right to fully present her case at the order to show cause proceeding, which violated her right of access to the courts under article I, section 11 of the Utah Constitution.

The trial court did not err by following the procedure it did. Under Utah Code Ann. § 30–3–5(3), a trial court that enters a divorce decree "has continuing jurisdiction to make subsequent changes or new orders for ... the distribution of the property and obligations for debts as is reasonable or necessary." Order to show cause proceedings are commonly used by parties seeking to enforce divorce decree provisions. *See, e.g., Dent v. Dent,* 870 P.2d 280 (Utah App.1994) (wife used order to show cause to obtain husband's compliance with procedure for sale of home set forth in divorce decree); *Cummings v. Cummings,* 821 P.2d 472, 474 (Utah App. 1991) (wife moved for order to show cause seeking delinquent child support and insurance and medical expenses). The trial court properly exercised its continuing jurisdiction when it ordered enforcement of the "lien" it created when it divided the Wileses' property in their divorce ten years earlier.[6]

Ms. Wiles's argument under article I, section 11 is apparently premised on the assertion that she was denied the opportunity at the order to show cause proceeding to fully establish her defenses to the sale of the real property. The record does not support her argument. Ms. Wiles had the opportunity to petition the court for relief from the debt due to changed circumstances under section 30–

---

property of the judgment debtor...." *Id.* Here, the lien was not created after a judgment was entered against a party. Instead, the lien was automatically part and parcel of the trial court's allocation of the Wileses' marital property.

**4.** Nothing in this opinion should be construed as prohibiting the divorce court from fashioning a more conventional lien arrangement by, for example, awarding a party a sum certain evidenced by a note and secured under the terms of an appropriate security document.

**5.** Utah cases holding that the homestead exemption protected debtors from execution upon their property have involved creditors without any marital ties to the debtors. *Panagopulos v. Man-*

ning, 93 Utah 198, 69 P.2d 614 (1937); *Utah Builders' Supply Co. v. Gardner,* 86 Utah 257, 42 P.2d 989 (1935); *Volker–Scowcroft Lumber Co. v. Vance,* 32 Utah 74, 88 P. 896 (1907).

**6.** In support of her claim that the trial court used the wrong procedure, Ms. Wiles cites Utah Code Ann. § 78–37–1, which states that "There can be only one action for the recovery or the enforcement of any right secured solely by a *mortgage upon real estate* which action must be in accordance with the provisions of [the mortgage foreclosure] chapter." (Emphasis added). That section, by its terms, does not apply to a lien created by the divorce court as a vehicle for property division.

3–5(3) at any time, including during the pendency of the order to show cause proceeding. Instead, she chose to pursue her claim solely by asserting that the homestead exemption barred sale of the real property.[7] Her claim for relief under article I, section 11 is therefore without merit.

At oral argument, counsel for Ms. Wiles also objected to the trial court's order that the property be foreclosed. We believe the trial court's use of the term foreclosure was imprecise and unnecessary. The trial court has the power to order the property sold pursuant to the divorce decree without utilizing the proceedings for foreclosure located in Utah Rule of Civil Procedure 69. *See Dent,* 870 P.2d at 282 (trial court signed judicial deed permitting sale of property pursuant to divorce decree).

## IV. VALUE OF HOMESTEAD PROPERTY

Ms. Wiles's final argument on appeal is that her ex-husband cannot enforce the lien because the value of the real property is less than the amount of the homestead exemption to which she is entitled. Because we have determined that Ms. Wiles cannot use the homestead exemption to prevent the sale of the real property, we do not reach this claim.

## V. CONCLUSION

The trial court did not err by prohibiting Ms. Wiles from asserting a homestead claim as a defense to enforcement of the lien created by the court as part of its division of the parties' assets. The trial court had continuing jurisdiction to order sale of the real property by use of an order to show cause proceeding. Finally, Ms. Wiles was not denied any rights under article I, section 11 of the Utah Constitution. The trial court's decision is therefore affirmed.

BENCH and BILLINGS, JJ., concur.

---

**7.** Ms. Wiles argues that her motion to dismiss the order to show cause made a "prima facie case for a substantial change of circumstances," and that the trial court should have exercised its equitable powers to discharge the lien. Although Ms. Wiles did refer to past illness in her memorandum in support of her motion to dismiss and in her accompanying affidavit, she never petitioned the court to modify its previous order regarding the debt.