No. 60,086
and
No. 60,681

JANET K. BAIR, now JANET K. ROST, *Appellee*, v. GLENN O. BAIR, *Appellant*.

(750 P.2d 994)

Opinion filed February 19, 1988.

*Robert E. Keeshan*, of Hamilton, Peterson, Tipton & Keeshan, of Topeka, argued the cause and was on the briefs for appellant.

*Glenn H. Griffeth*, of Rost, Rost & Griffeth, of Topeka, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Glenn O. Bair appeals from two decisions pertaining to the enforcement of a separation agreement in a divorce proceeding. The two appeals were consolidated in the Court of Appeals and subsequently transferred to the Supreme Court on motion of the appellant pursuant to K.S.A. 20-3017.

Glenn O. Bair (appellant) and Janet K. Bair, now Janet K. Rost, (appellee) were married on January 24, 1959, and five children were born to them during the marriage. On June 14, 1973, a divorce was granted to the appellee. The divorce decree ap-

proved and incorporated by reference a lengthy separation agreement which provided, *inter alia,* for a lump-sum alimony award of $360,000, payable $2,000 monthly until the entire sum was paid in full. The alimony obligation was not to terminate upon appellee's subsequent remarriage and, although alimony payments were to be extinguished upon the death of either of the parties, the agreement required appellant to maintain sufficient life insurance to pay appellee a sum equal to the unpaid balance of the lump-sum alimony award. The agreement also provided that appellant would pay a specified amount of monthly support for each minor child and contemplated additional benefits including assistance with the cost of the children's higher educations. The agreement also included the following general provision:

"(c) No modification or waiver of any of the terms of this agreement shall be valid unless in writing and executed with the same formality as this agreement."

After the divorce, both parties eventually remarried, appellant in 1976 and appellee in 1980. Appellant apparently made the $2,000 per month alimony payments fairly regularly through 1983.

In early 1984, appellant failed to pay the full amount of alimony and child support for the months of February and March, and appellee immediately instituted contempt proceedings to force compliance with the separation agreement. The contempt citation was withdrawn when appellant was able to make the payments by borrowing upon his life insurance. On May 11, 1984, appellee filed another accusation in contempt when appellant informed her that he could pay only $1,000 for the month of May. Just before the court hearing on the accusation, he paid the balance due for May.

In June 1984, appellee sought an assignment of earnings pursuant to K.S.A. 60-1613 in order to enforce the alimony and child support provisions of the separation agreement. At that time, appellant was employed as a salaried medical director with Blue Cross and Blue Shield of Kansas (BC-BS) and was also operating a private medical practice. The appellee specifically sought assignment of the BC-BS salary earnings. In a memorandum decision filed July 25, 1984, Judge Adrian Allen ordered

appellant to execute an assignment of his BC-BS earnings to appellee "in the maximum amount permitted by K.S.A. 60-2310(g) but not to exceed $2,400 per month," which included $2,000 per month in alimony and $400 per month in child support for the two remaining minor children.

On July 12, 1984, appellee filed still another accusation in contempt, which alleged that appellant had not paid alimony or child support for June and July 1984. A hearing was held by Judge Allen on July 27, 1984. The court found appellant in contempt for failure to pay alimony as required by the 1973 agreement, and set forth conditions under which appellant might purge himself of contempt. However, the journal entry was not filed until October 7, 1986, due to the appellant's intervening bankruptcy which was filed on August 14, 1984. It is this order which is the subject of the appeal in Case No. 60,086.

On August 20, 1986, appellant filed a motion to terminate monthly child support payments because the parties' only remaining minor child had moved to appellant's residence in June 1986. The motion also sought an order for appellee to pay child support to appellant. On September 4, 1986, appellant filed a motion to terminate or modify his alimony obligations. A hearing on these and other motions was held December 12, 1986, with a journal entry filed March 30, 1987. The December orders of the court as set forth in that journal entry are the subject of the appeal in Case No. 60,681. The foregoing is but a brief summary of the voluminous pleadings in the district court and in no way attempts to cover the continuous legal battles waged by these two individuals over the past several years. Additional facts will be related as necessary to resolve the issues raised in the appeals.

## Case No. 60,086

Appellant has appealed from the October 7, 1986, journal entry which reflects the orders of the district judge made at the contempt hearing held July 27, 1984. At the outset we are faced with appellee's contention that this appeal should be dismissed as moot. The order complained of found appellant to be in contempt of court for failure to comply with the orders contained in the divorce decree which were based upon the separation agreement. The July 27, 1984, decision of the court directed

appellant to make an assignment of 50% of his BC-BS wages and to pay all of his gross income from his private medical practice in excess of $800.00 per week. That order no longer has any force or effect. Appellant is no longer employed by BC-BS and the trial court found on August 6, 1987, that appellant had "technically purged himself of contempt." Appellee concedes in her brief before this court that appellant is no longer under the order of July 27, 1984. It appears that on July 6, 1987, the court issued a new purging order based upon new allegations of contempt. We find that the July 27, 1984, order is no longer effective and that it has been superseded by later orders of the court.

The general rule on mootness was recently restated as follows:

" '[I]t is the duty of the courts to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles which cannot affect the matter in issue before the court.' " *Kimberlin v. City of Topeka*, 238 Kan. 299, 301, 710 P.2d 682 (1985) (quoting *City of Roeland Park v. Cross*, 229 Kan. 269, 270, 623 P.2d 1332 [1981]).

Having determined that the order appealed from is no longer valid, the appeal therefrom is moot. There is no judgment this court could make as to the July 27, 1984, order which would in any way affect the present or future rights or obligations of the parties.

The appeal in Case No. 60,086 is dismissed.

### Case No. 60,681

In this appeal, appellant asserts error on the part of the trial court in not terminating or modifying his alimony obligations; in failing to stay or quash an income withholding order; in not limiting appellee's attempts to recover past due alimony; and in failing to either enter a child support order directing appellee to pay support or to offset such support against the past due alimony. As indicated earlier, appellant, in the summer and fall of 1986, filed motions seeking relief from the alimony obligation and seeking child support for the youngest child who was living with appellant at the time. Following a hearing on December 12, 1986, the court determined there was no sufficient reason for modifying the alimony obligation, that appellee was entitled to recover alimony arrearages by whatever method the law allows, that alimony amounts due under the 1973 agreement but unpaid

by appellant are judgments, that appellant was relieved of current child support obligations for the minor child residing with him, and that any claim by appellant for child support should be determined in a separate proceeding. The court also indicated that any child support which might be ordered paid by appellee should not offset alimony arrearages. All relief which appellant had requested was denied with the exception of a ruling upon whether appellee should pay child support for the minor child residing with appellant. That issue was deferred for a separate hearing.

The appellant's first argument is that the district court erred in failing to modify or terminate alimony payable to appellee under the 1973 separation agreement. Appellant asserts at least six reasons why the court should have modified or terminated appellant's alimony obligation. Appellant's arguments are based largely upon his changed circumstances, including reduced income and poor health. It is asserted the court "should" have the authority, based upon changed circumstances, to modify a separation agreement notwithstanding the provisions of K.S.A. 1986 Supp. 60-1610(b)(3), which reads in part:

"Matters settled by [a separation] agreement incorporated in the decree, other than matters pertaining to the custody, support or education of the minor children, shall not be subject to subsequent modification by the court except: (A) As prescribed by the agreement or (B) as subsequently consented to by the parties."

Appellant asserts the court should modify the parties' agreement because (1) K.S.A. 1986 Supp. 60-1610(b)(2) now limits court determined and imposed maintenance to an initial term of 121 months; (2) appellee has been gainfully employed at certain times since the divorce; (3) appellee has remarried and her present husband is apparently a financially successful attorney; (4) appellant's earnings have been greatly reduced; (5) as the alimony received by appellee was used, at least in part, for support of the children, the court should have authority to reduce the alimony as if it were child support; and (6) equitable powers should be utilized to grant appellant relief.

Appellant cites numerous cases from other jurisdictions in which alimony provisions in separation agreements have been modified by the courts for one or more of the reasons urged upon

this court. See generally Annot., 61 A.L.R.3d 520. However, in oral argument before this court, counsel for appellant conceded that in none of those cases was the court faced with a statute precluding modification.

In *Spaulding v. Spaulding*, 221 Kan. 574, 561 P.2d 420 (1977), the court considered K.S.A. 60-1610(e), the forerunner of our present statute, and concluded that the trial court had no authority to modify a separation agreement which had been approved by the court and incorporated in the divorce decree. The court held:

"A party who seeks and obtains from a trial court its approval of a separation agreement and the incorporation thereof in a decree of divorce and thereafter accepts the benefits of the decree cannot avoid its disadvantages by a motion to modify except as to those matters over which the court has continuing jurisdiction." Syl. ¶ 1.

In *Carey v. Carey*, 9 Kan. App. 2d 779, 689 P.2d 917 (1984), the appellant sought modification of a separation agreement which had been incorporated in the divorce decree. The court stated:

"The court retains no jurisdiction to modify alimony set by agreement except as the agreement provides or by consent of the parties." p. 781.

Here, the separation agreement was incorporated in the divorce decree. The agreement provided that any modification or waiver of any of its terms would be invalid unless in writing and executed with the same formalities as the agreement itself. The alimony obligation set forth in the agreement has not been modified by the parties, nor have they both consented to such a modification. The district court therefore had no authority to modify the agreement, and appellant's arguments lack merit.

Appellant's next issue on appeal is that the trial court erred in denying his motion to stay service of an income withholding order because the order was obtained without the filing of a "sworn" affidavit as required by K.S.A. 1986 Supp. 23-4,107(b) and (f).

On December 4, 1986, while discovery was ongoing on appellant's motions to modify child support and alimony, appellee filed a notice of delinquency pursuant to K.S.A. 1986 Supp. 23-4,105 *et seq.* on the basis of alimony and child support arrearages. On December 8, 1986, appellant filed a motion to stay service of the withholding order and to strike the notice of

delinquency. This motion was heard by the court on December 12, 1986, along with the motions to terminate or modify alimony and child support.

K.S.A. 1986 Supp. 23-4,107(b), enacted in 1985 as a part of the income withholding act, K.S.A. 1986 Supp. 23-4,105 *et seq.*, establishes the procedure for applying for an income withholding order and provides:

"(b) If the court has issued an order for support, with or without a conditional order requiring income withholding as provided by subsection (a), the obligee. . . may apply for an order for withholding by filing with the court an *affidavit* stating: (1) That an arrearage exists in an amount equal to or greater than the amount of support payable for one month; (2) that all or part of at least one payment is more than 10 days overdue; (3) *that a notice of delinquency has been served on the obligor in accordance with subsection (f)* and the date and type of service; (4) *that the obligor has not filed a motion to stay service of the income withholding order;* and (5) a specified amount which shall be withheld by the payor to satisfy the order of support and to defray any arrearage. Upon the filing of the affidavit, the court shall issue an order requiring the withholding of income without the requirement of a hearing, amendment of the support order or further notice to the obligor." (Emphasis added.)

### K.S.A. 1986 Supp. 23-4,107(f) reads:

"(f) No sworn affidavit shall be filed with the court issuing the support order pursuant to subsection (b) unless it contains a declaration that the obligee . . . has served the obligor a written notice of delinquency because an arrearage exists in an amount of support payable for one month, that all or part of one payment is more than 10 days overdue and that the notice was served on the obligor by certified mail, return receipt requested, or in the manner for service of a summons . . . at least seven days before the date the affidavit is filed."

The statute continues by listing statements which must be included in the notice of delinquency. Appellee served such a notice upon appellant.

The appellant's argument on this issue indicates that he does not challenge the notice of delinquency, but rather the sufficiency of the affidavit which he asserts must be filed with the court pursuant to 23-4,107(b). It appears that 23-4,107(b)(3) requires a notice of delinquency must be served upon the obligor prior to instituting court action for a withholding order and, absent a motion for a stay pursuant to subsection (b)(4) of the statute, 23-4,107(b) mandates that the court shall enter the order. The statutes apparently contemplate that the obligee must first serve a notice of delinquency before filing the affidavit.

The notice of delinquency was filed December 4, 1986. Since appellant filed a motion to stay service of the income withholding order on December 8, 1986, within 7 days of service of the notice of delinquency, a hearing was held December 12, 1986, in accordance with K.S.A. 1986 Supp. 23-4,110(b) at the same time as appellant's other motions were heard. Once appellant filed a motion to stay service of the order, the procedure for obtaining an order by affidavit under 23-4,107(b) no longer could be applicable because appellee could not have accurately made the statement envisioned by 23-4,107(b)(4), "that the obligor has not filed a motion to stay service of the income withholding order." If the obligee files a motion to stay service of an income withholding order as contemplated by 23-4,107(b)(4) and 23-4,110, the propriety of such an order is placed in issue and may be determined by the court.

While the procedures set forth in the income withholding act are confusing and somewhat inconsistent, we find no error in the trial court's denial of appellant's motion on any of the grounds asserted in this appeal.

The third point raised by appellant is that the trial court erred in placing no restrictions on the recovery of alimony arrearage. Appellant apparently relies on his alleged financial inability to comply with the district court's orders in asserting that appellee should have been restricted in her attempts to collect past due alimony, which the court found amounted to "at least between $30,000 and $40,000." The trial court found that appellee was entitled to recover the arrearage "under whatever method the law allows." We find no abuse of discretion in the court's refusal to limit appellee's lawful attempts to collect the past due alimony.

For his final issue, appellant argues that the trial court erred in failing to award child support to appellant or to permit an offset against the alimony and child support arrearage. Greg Bair, the parties' only remaining minor child, moved to the appellant's residence on June 18, 1986. He reached age 18 on July 14, 1987. In the journal entry filed March 30, 1987, the district court granted appellant's motion to terminate child support "only with respect to current obligations for Greg Bair." The appellant's motion to terminate child support was denied "in all other

respects." However, the district court's order noted that any child support owed to appellant should be determined in a separate proceeding, and also that the parties had agreed to defer any dispute over past due child support for one year. At the hearing, appellee agreed to credit any child support payments received for Greg since July 1, 1986, toward appellant's maintenance obligation.

While it would have facilitated matters if the court had ruled upon appellant's motion seeking support for Greg during the period of time he resided with his father, the court determined that it would reserve that issue for a separate proceeding. Inasmuch as the court made no final determination of that portion of appellant's motion, we have no final order before us for review.

We have carefully considered all of appellant's various issues and arguments and find no basis for reversal of the trial court's orders.

As a final matter, appellee seeks an allowance of costs and attorney fees, contending that the arguments and issues advanced by appellant are without merit and were advanced solely for purposes of delay. While it is true that many of appellant's arguments border upon being frivolous, we cannot say that the entire appeal was without some merit or that an assessment of fees is justified under Rule 7.07(b) (1987 Kan. Ct. R. Annot. 35).

The judgment in Case No. 60,681 is affirmed.