**In re Leonard Earl KELLY, Debtor.**

**Eric C. RAJALA, Trustee, Plaintiff,**

v.

**Marjorie Rosalie KELLY, Defendant.**

Bankruptcy No. 89–21781–7.
Adv. No. 92–6139.

United States Bankruptcy Court,
D. Kansas.

June 30, 1994.

Edward J. White, Overland Park, KS, for defendant.

John F. Michaels, Kansas City, MO, for debtor in main case.

R. Pete Smith, Kansas City, MO, for debtor in adversary.

*MEMORANDUM OPINION AND ORDER*

JULIE A. ROBINSON, Bankruptcy Judge.

This matter comes before the Court pursuant to the trustee's Complaint to Determine Secured Status and Avoid Postpetition Transfers, and Objection to Claim. A status hearing was held on March 17, 1993, at which time the Honorable James A. Pusateri took the matter under advisement. The parties have agreed to allow the undersigned to rule on this matter based upon the pleadings and briefs filed by the parties. The trustee, Eric C. Rajala, appears pro se. Marjorie Rosalie Kelly appears through her attorney, Edward J. White. Leonard Earl Kelly appears through his attorney, R. Pete Smith.

## JURISDICTION

The Court has jurisdiction over this proceeding. 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) and (k).

## FINDINGS OF FACT

The plaintiff and defendant stipulated to the following facts:

a. That on November 21, 1983, Leonard Earl Kelly (hereinafter "debtor"), and Marjorie Rosalie Kelly (hereinafter "defendant"), were granted a divorce in the District Court of Wyandotte County, Kansas.

b. That as a part of the Decree of Divorce, the defendant was allowed the sum of $125,000 as a property settlement to be paid without interest, as follows: $20,833 per year for a period of six years, to be paid during each of the six years in twelve monthly installments of $500 each, with the balance of $14,833 to be paid on or before December 31 of each year. *Decree of Divorce,* at ¶ 6B.

c. That additionally, the debtor was ordered to pay to the defendant as alimony, the sum of $1,000 per month beginning December 1, 1983, for a period of 120 months or until defendant's death or remarriage, whichever event occurred first. *Decree of Divorce,* at ¶ 6C.

d. That as part of the Decree of Divorce the debtor had set over to him as his sole and separate property, free and clear of any right, title or interest of [defendant], the parties residence at 10429 Riverview, Edwardsville, Kansas, subject to any mortgages or encumbrances thereon which debtor assumed and agreed to pay.

e. That in addition to the residence, the Decree set over to the debtor as his sole and separate property an airstrip, plus 45 acres of land and barn adjacent to the residence in Edwardsville.

f. That to secure the installment payments the defendant was given a lien against the parties' residence at 10429 Riverview, Edwardsville, Kansas.

g. That on November 7, 1989, the debtor filed his petition under Chapter 7 of Title 11 of the United States Code.

h. That the debtor has made no payment on either the property settlement or alimony since the filing of this bankruptcy action.

i. That on March 6, 1990, the defendant filed her Motion for Relief From Stay.

j. That the sum of $35,166 is due and outstanding on the settlement obligation; and there was $9,000 in delinquent alimony payments as of July 11, 1990.[1]

k. That on April 19, 1990, this Court granted the debtor a homestead exemption in one acre of the residence tract. The Court earlier approved the sale by the Chapter 7 trustee to the debtor of one acre of the residence tract (exclusive of the house and one acre claimed as exempt). Thus, the debtor now holds title to all of the residence tract consisting of the house and two acres.

l. That pursuant to § 541 of the Bankruptcy Code, the plaintiff/trustee, Eric C. Rajala, held title to the adjacent 45 acre tract, until it was sold.

m. That the value of the residence and adjacent 45 acres is in excess of the amount presently due the defendant for the delinquent property settlement installment payments and alimony payments. The minimum agreed value of the residence (house and 2 acre tract) in which the debtor resides is approximately $140,000.

n. That on July 9, 1990, the hearing was held pursuant to defendant's Motion for Relief From Stay. After hearing arguments of counsel, the Court took the matter under advisement upon the simultaneous filing of memorandum briefs by the parties.

o. On April 3, 1991, the Court entered an order sustaining the motion of the defendant, Marjorie Rosalie Kelly, for relief from the automatic stay to proceed with instituting

---

1. As noted subsequently in this Opinion, the parties have agreed that defendant is entitled to the $35,166 outstanding on the settlement obligation and $1,000 of the delinquent alimony payments, which is the portion that became due pre-peti-

tion. Therefore, the remaining alimony payments which became due post-petition in the total amount of $48,000, are now delinquent and in issue in this case.

foreclosure actions to collect her unpaid property settlement and alimony, 125 B.R. 301.

p. As of the commencement of the case, the debtor owed the sum of $1,000 to the defendant for alimony, and the sum of $35,-166.00 to the defendant under the property settlement portion of the Decree of Divorce.

q. That the debtor's obligation under the alimony portion of the Decree of Divorce is nondischargeable pursuant to 11 U.S.C. § 523(a)(5), as the same is in the nature of alimony or support.

r. On March 13, 1992, the Court entered an Order approving the sale by auction of the 45 acres by the trustee, free and clear of liens, with liens to attach to sale proceeds. On June 3, 1992, the Court approved the high bid on the property and confirmed the sale for an amount in the sum of $101,000. After payment of expenses of the sale, the trustee now holds net sale proceeds in the sum of $92,329.00 in an interest bearing account, pending further order of the Court.

### CONCLUSIONS OF LAW

■ The trustee seeks a determination that the defendant has no lien against the property of the estate for postpetition alimony payments. In the alternative, the trustee seeks to avoid the defendant's lien for alimony payments which became due and remain unpaid after the commencement of the case, to the extent such lien encumbers property of the estate. The trustee claims that, by virtue of 11 U.S.C. § 549, the trustee has the power to avoid postpetition transfers of property of the estate which did not occur pursuant to court order or in the ordinary course of the debtor's business.

The parties agree that the $1,000 alimony payment that was past due when debtor filed his bankruptcy petition and the balance of the property settlement in the amount of

$35,166 should be paid to defendant out of the sale proceeds.[2] On March 17, 1993, the Court entered an Order Directing Immediate Payment of Funds, which directed the trustee to pay forthwith to Edward J. White, attorney for defendant, the sum of $36,166. The Order notes that the remaining issue before the Court regarding payment of the balance of the alimony judgment due, shall be deferred pending further rulings of the Court, and the lien, if any, shall continue to follow the money held from the sale of the real estate. Therefore, the only issue before this Court involves the alimony payments that became due after the debtor filed his bankruptcy petition.

In *Brieger v. Brieger,* 197 Kan. 756, 760, 421 P.2d 1 (1966), the court held that installments of child support become final judgments and constitute a lien when they are due and unpaid. The court stated that:

> We believe the general rule to be that a judgment which directs the periodic payment either of support or of alimony and which fails to provide that the judgment shall be a lien on specific property does not, of itself, constitute any lien on the real estate owned by the father or husband.

*Id.* at 759, 421 P.2d at 3. Defendant and debtor[3] argue that *Brieger* is distinguishable and that the rule set forth in *Wichita Fed. Sav. and Loan Ass'n v. North Rock Rd. Ltd. Partnership,* 13 Kan.App.2d 678, 779 P.2d 442 (1989), should apply to the present case.

In *Wichita Federal,* the court was dealing with a property division judgment which contained the following statement: "The above judgment shall be a lien upon all real estate granted to the Defendant herein and shall continue to be a lien until such time as paid in full by the Defendant or expressly waived by the Plaintiff in writing." *Id.* at 680, 779 P.2d at 443. The court in *Wichita Federal* noted that based on the argument that the judgment lien did not extend to the full value

---

2. The parties stipulated that the Decree of Divorce became a judgment lien on both the residence and the adjacent 45 acres and that there are no other liens on either the residence or the adjacent 45 acre tracts superior to the Decree of Divorce judgment lien. They disagree, however, as to whether the lien attached to payments becoming due post-petition.

3. On April 6, 1993, the Court entered an Order Allowing Intervention, which sustained the debtor's motion to intervene in this action. The debtor and the defendant have asserted similar arguments and the Court refers to them interchangeably when discussing their arguments.

of the $31,600 property division judgment involved in that case, the court was asked to apply the ruling of *Brieger*, that a judgment against a parent for periodic payments for child support is a lien against the real property of the parent only to the extent of the payments due and delinquent at the time of the sale of property and not as to future payments not yet due. *Wichita Federal*, 13 Kan.App.2d at 682, 779 P.2d at 445. The court declined to extend the ruling in *Brieger* to the property division judgment, noting that a judgment for child support is subject to modification and future change while the property division judgment in that case was for a fixed sum.

The debtor argues that the present case is also distinguishable from *Brieger*, because a child support judgment is subject to modification and alimony is not, citing *Spaulding v. Spaulding*, 221 Kan. 574, 561 P.2d 420 (1977) (citing K.S.A. § 60–1610(e), the forerunner to the current § 60–1610(b)(3)). The Court finds that the important factor in this case is that the alimony award is subject to termination upon the defendant's remarriage or death, rather than whether it is subject to modification. The property division judgment in *Wichita Federal* was for a fixed sum. Although the alimony may not be modified, it is still impossible to tell the full amount of alimony to be awarded under the decree, because the payments would cease upon remarriage or death. Debtor also argues that the fact that the payments were ordered in installments did not take from it the character of finality or destroy the lien. Again, its the fact that the award is subject to termination that is important, not the fact that the payments are in installments. The debtor argues that the fact that the alimony was contingent upon death or remarriage does not affect the permanent nature of the alimony award, citing *Bair v. Bair*, 242 Kan. 629,

750 P.2d 994 (1988). *Bair*, however, did not discuss the judgment lien issue and merely dealt with the ability to modify an alimony award.

In arguing that the present case should fall under the rule set out in *Wichita Federal*, the debtor also cites *Bohl v. Bohl*, 234 Kan. 227, 231, 670 P.2d 1344 (1983), for the proposition that there is no distinction between alimony and property division when considering judgment liens. Although the court in *Bohl* does note that the terminology used to describe the award is no longer significant, the court also goes on to state that "while the two concepts are different, it does not appear, *in the case at bar*, that the distinctions should make a difference regarding the imposition of a lien on a 'homestead'." *Id.* at 230–31, 670 P.2d at 1347–48 (emphasis added). In that case, the wife was awarded a money judgment in the amount of $890,217 in lieu of other property and the court had granted the ex-wife's motion to modify its decree and imposed a judicial lien in favor of the ex-wife upon all of the real estate awarded to the husband. *Id.* at 228, 670 P.2d at 1345–46. The court was therefore determining whether the husband's homestead claim rendered the property exempt from the wife's judgment lien. In making that determination, the court looked to cases in which the court had imposed a lien to enforce an alimony award, and the husband argued that the cases were distinguishable because his case dealt with a division of property. *Id.* at 230, 670 P.2d at 1347. However, *Bohl* and the alimony cases cited therein are all distinguishable from the present case, because they all deal with situations where the divorce decree expressly created a lien. In the present case, the divorce decree only expressly imposed a lien on the debtor's homestead.[4] Therefore, defendant must rely on

4. The divorce decree, along with the Order Nunc Pro Tunc which was entered on May 30, 1984, provide in relevant part:

6. The parties have entered into a Property Settlement Agreement, the terms of which are as follow:

. . . .

B. Petitioner shall additionally receive from respondent the sum of $125,000.00 cash in lieu of other marital property, payable as follows without interest . . .

C. Petitioner shall receive from respondent alimony in the amount of $1,000 per month, payable by respondent to petitioner directly on the 1st day of December, 1983, and on the first day of each succeeding month, for a period of 120 consecutive months or until petitioner's death or remarriage, whichever event shall first occur. The foregoing alimony is contractual between the parties and is not subject to

K.S.A. § 60–2202 to establish a lien on the 45 acre tract sold by the trustee. Section 60–2202(a) provides in pertinent part that:

Any judgment rendered in this state by a court of the United States or by a district court of this state in an action commenced under chapter 60 of the Kansas Statutes Annotated shall be a lien on the real estate of the judgment debtor within the county in which judgment is rendered.

K.S.A. § 60–2202(a).

■■■■ The Court finds that reliance on § 60–2202(a) to create a lien for the entire alimony award upon divorce, when such award is subject to termination upon death or remarriage and before such amounts are due, would unduly restrict the alienation of property. *See* Harvey S. Berenson, *Survey of Kansas Law: Family Law*, 17 Kan.L.Rev. 349, 379 n. 164 (1969) ("Since alimony may continue until death or remarriage, if it were automatically a lien on real property, a prospective purchaser from any alimony debtor would be unable to ascertain when the lien would be extinguished, unless one of the contingencies cutting off alimony had occurred.") Therefore, the defendant does not have a lien for any payments becoming past due after debtor filed his bankruptcy petition. The postpetition debt is not an allowable claim because it was not matured when debtor filed his bankruptcy petition. *See In re Benefield,* 102 B.R. 157, 160 (Bankr. E.D.Ark.1989) (citing 11 U.S.C. § 502(b)(5)). In addition, from the filing of the petition, the property has remained property of the estate and 11 U.S.C. § 362(a)(4) stays any act to create, perfect, or enforce any lien against property of the estate. *Id.* In the absence of equitable considerations, any action violating the automatic stay is void. *See Id.; In re Calder,* 907 F.2d 953, 956 (10th Cir.1990).

**IT IS THEREFORE ORDERED BY THE COURT** that the sale proceeds from the sale of the 45 acre tract are held by the

trustee free and clear of any lien asserted by the defendant by virtue of alimony payments becoming past due after debtor filed his bankruptcy petition.

This Memorandum shall constitute findings of fact and conclusions of law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure. A judgment based on this ruling will be entered on a separate document as required by Rule 9021 of the Federal Rules of Bankruptcy Procedure and Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

modification, renewal or extension by the court.

. . . .

E. To secure the installment payments of $125,000.00 set forth above, petitioner shall have a lien against the residence of the parties at 10429 Riverview Road, Edwardsville, Kan-

sas, hereinafter described and hereinafter set over to respondent. Said lien shall be deemed discharged and released of record upon final payment of the above-described installment payments, and petitioner is directed to execute any necessary release to release the same of record.