(18 P.3d 255)
No. 84,372

In the Matter of the Marriage of WALTER F. RICCI, and MARILYN K. RICCI, and WALTER JORGE RICCI, M.D., *Intervenor/Appellee*, v. WALTER F. RICCI, *Defendant*, and MARILYN K. RICCI, *Appellant*.

Opinion filed January 19, 2001.

*Gerald N. Jeserich*, of Law Offices of Gerald N. Jeserich, of Kansas City, for the appellant.

*Kevin D. Case*, of Cohen, McNeile, Pappas & Shuttleworth, P.C., of Leawood, for the appellee.

Before LEWIS, P.J., RULON, J., and GLENN D. SCHIFFNER, District Judge, assigned.

LEWIS, J.: In 1986 and while they were contemplating bankruptcy, Walter F. and Marilyn Ricci deeded their family residence to themselves and to Walter Jorge (Jorge) Ricci as joint tenants with the right of survivorship and not as tenants in common. In 1998, Walter and Marilyn were divorced. In 1999, Jorge intervened in the divorce action, claiming a one-third interest in the house and asked that the real estate be partitioned. The trial court ruled in favor of Jorge, and Marilyn appeals from that decision.

This controversy is an example of actions taken in bankruptcy planning to defeat claims of creditors which come back to haunt one of those who participated in the scheme. In this case, there is a time frame of 13 years.

At the time Walter and Marilyn deeded their home to themselves and to Jorge, they were having financial problems, and their

attorney advised them to transfer their interests in various assets to Jorge. Among the assets included in the transfer was the residence of the parties, which is the focal point of this appeal. The conveyance deeding an interest in the home to Jorge was duly recorded and was never changed or set aside, and the record title to the real estate remained vested in Walter, Marilyn, and Jorge at the time Jorge filed his petition to intervene.

The controversy appears to be between Jorge and Marilyn. Walter is either uninterested or he is satisfied with the decision of the trial judge. For whatever reason, he has declined to become involved in the principal issue on appeal.

It seems readily apparent that the event which motivated Jorge to intervene and seek partition was Walter's divorce from Marilyn. Jorge is Walter's son, but not Marilyn's. In February 1999, the trial court, in the divorce action, ordered the home sold and the proceeds divided between Walter and Marilyn in the manner defined by the trial court. In May 1999, Jorge filed his petition to intervene and for partition.

After conducting a hearing on the allegations of Jorge's petition, the trial court concluded that Jorge, Marilyn, and Walter each owned an undivided one-third interest in the property. In addition, the trial court granted Jorge's petition for partition and ordered the property sold. This appeal followed.

## PRESERVATION OF ISSUE ON APPEAL

Jorge argues that Marilyn's appeal is not properly before the court because she did not object on the record or by post-trial motion to the trial court's decision that Jorge owned a one-third interest in the property. He bases his argument on *Galindo v. City of Coffeyville*, 256 Kan. 455, 467, 885 P.2d 1246 (1994), wherein the court stated that one must object to inadequate findings of fact, and in the absence of an objection, omissions in findings will not be considered on appeal.

We do not agree with Jorge that *Galindo* applies to the instant matter. In its findings, the trial court specifically recognized that Marilyn had filed pleadings amounting to a general denial of Jorge's claim to the property. These pleadings contested the validity of the

deed, which was the basis of the partition action. There is no question in this court's opinion that Marilyn did contest Jorge's request to partition the property. On appeal, she is challenging the ultimate decision of the trial court and not the adequacies of the finding.

In addition, we find the trial court did not omit the basis for its ruling. The basis for the court's decision was the deed conveying the property to Walter, Marilyn, and Jorge. The rule set forth in *Galindo* only applies if the trial court fails to explain its findings and conclusions of law. In this case, there could be no confusion as to what those findings and conclusions were.

We hold there was no need to object to preserve the issues of whether the deed was sufficient to vest a one-third interest in the property in Jorge and whether the order of partition was appropriate.

## RECORDED DEED

Marilyn argues that the deed conveying Jorge an interest in the property was not valid because it was never delivered. Jorge argues that the deed was recorded and that this constituted delivery. It appears that both Jorge and Marilyn rely on *Giefer v. Swenton*, 23 Kan. App. 2d 172, 928 P.2d 906 (1996), *rev. denied* 261 Kan. 1084 (1997).

As a general rule, the legal effect of a written instrument is a question of law for the court to decide. As a result, on appeal, we may construe a written instrument and determine its legal effect regardless of the construction made by the trial court. *First Financial Ins. Co. v. Bugg*, 265 Kan. 690, 694, 962 P.2d 515 (1998).

In *Giefer*, we concluded that where the facts were not controverted, the question of whether the deed was properly delivered should be determined by the court as a question of law. 23 Kan. App. 2d at 174.

In this case, everyone agrees that the deed was executed and recorded as part of pre-bankruptcy planning. We see no issue of controversy in the relevant facts and will proceed to decide the question of delivery as a question of law.

In *Giefer*, 23 Kan. App. 2d 172, Syl. ¶ 3, we stated the law as follows: "The recording of a deed by the grantor or at the express

direction of the grantor is presumptive evidence of its delivery, but such presumption can be overcome by other competent evidence."

Marilyn apparently does not challenge that the law is as we stated in *Giefer*, but she argues that there was evidence of the parties' intent which overcomes the presumption of delivery. We disagree.

The deed was executed in February 1986 because Marilyn and Walter wanted Jorge to be a coowner to carry out a pre-bankruptcy plan. The deed was not only executed, it was recorded in 1986. We note that it was Marilyn who dealt primarily with the bankruptcy attorney.

The bankruptcy petition was filed in September 1988, and Walter and Marilyn received a discharge in 1989. Despite receiving the discharge in bankruptcy, Walter and Marilyn took no action to change the manner in which title to their home was held.

No one argues that the deed was not intended to be recorded. The parties all recognize that it was an integral and vital requirement of the pre-bankruptcy plan that the deed operate to convey the interest in the property to Jorge on the date of the deed. We have examined the deed and find it contains no reservations and no qualifications. An examination of the records of the Johnson County Register of Deeds clearly indicates that the title to the property was vested in Walter, Marilyn, and Jorge.

In *Giefer*, the owner of the property had executed and recorded a deed in order to avoid probate. The argument was being made that he did not intend to transfer title by recording the deed. In response to this argument, we said:

"[W]e are unable to determine how an individual can intend to avoid probate by executing and recording a deed . . . and not have that deed convey his interest to the grantees. If the deed does not convey a present interest, then it does not avoid probate. The only conceivable manner of upholding the . . . intent to avoid probate is to find that he intended to convey a fee simple interest to his children by the deed recorded." 23 Kan. App. 2d at 177.

We see absolutely nothing in this record to indicate that Walter and Marilyn did not intend for the recording of the deed to convey an interest in their home to Jorge. This was a requirement of their pre-bankruptcy plan. Their intent, obviously, was to place this property beyond the reach of creditors. Although in Kansas a

homestead is not available to creditors, apparently Walter and Marilyn were not advised of this fact or did not understand it when they recorded the deed in question.

We hold that Walter and Marilyn intended to convey a one-third fee simple interest in the property when they executed the deed to themselves and Jorge and recorded the same in the office of the register of deeds. We affirm the trial court's decision to that effect.

## CONSTRUCTIVE TRUSTS

Marilyn asks that we impose a constructive trust on the one-third interest of the real estate owned by Jorge. We decline to do so.

A constructive trust arises "wherever the circumstances under which the property was acquired make it inequitable that it should be retained by the person who holds the legal title." *Kampschroeder v. Kampschroeder*, 20 Kan. App. 2d 361, 364, 887 P.2d 1152, *rev. denied* 257 Kan. 1092 (1995).

In this case, Marilyn is in no position to be seeking an equitable remedy. She acquiesced in the transfer of the property in question with an intent to place the property beyond the reach of her creditors. We see no basis in the record to impose a constructive trust on Jorge's interest in the property.

## WAS THE DECISION EQUITABLE?

Marilyn argues that the decision of the trial court vesting a one-third interest in the real estate in Jorge was not equitable. We disagree.

As we pointed out earlier, Marilyn is in no position to be seeking an equitable remedy under the circumstances. In addition, she did not object to the basis for the trial court's determination that Jorge held an undivided one-third interest in the property.

We conclude that the decision of the trial court was, indeed, equitable, and we affirm the decision that Jorge is the legal owner of an undivided one-third interest in the property.

## ATTORNEY FEES

As we pointed out earlier, Walter has had very little to do with this litigation. However, he did file a motion seeking payment of

attorney fees from Marilyn. His argument is that he is entitled to $1,584.50 for fees and expenses incurred in responding to Marilyn's motion to docket out of time and his motion seeking attorney fees. He does not argue that the appeal was frivolous and, in fact, files no brief or other writing in support of his motion. We also note that although Marilyn's issues have not been successful, we do not consider them frivolous, nor do we feel that Walter is entitled to the award of attorney fees. See Supreme Court Rule 7.07(b) and (c) (2000 Kan. Ct. R. Annot. 52); *Bair v. Bair*, 242 Kan. 629, 637, 750 P.2d 994 (1988).

Affirmed.